IN THE
TENTH COURT OF APPEALS



No. 10-12-00252-CR

**GARETH JABAR RICHARDS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

From the 54th District Court
McLennan County, Texas
Trial Court No. 2011-935-C2

# O P I N I O N

In one issue, appellant, Gareth Jabar Richards, argues that the trial court abused its discretion by requiring him to pay court-appointed attorney's fees assessed in a deferred-adjudication order. We affirm.

### I.   BACKGROUND

On April 6, 2011, appellant was charged by indictment with a state-jail felony— unlawful possession of a controlled substance, marihuana, in an amount greater than four ounces but less than five pounds. *See* TEX. HEALTH & SAFETY CODE ANN. §

481.121(a), (b)(3) (West 2010).  Appellant subsequently filed a request for a court-appointed attorney.  The trial court concluded that appellant was indigent and appointed him counsel.

Thereafter, appellant entered into a plea agreement with the State.  In exchange for pleading guilty to the charged offense, the State recommended that appellant be placed on community supervision and pay a $1,000 fine.  The trial court accepted the plea agreement, deferred an adjudication of guilt, and placed appellant on community supervision for four years with a $1,000 fine.[1]  Furthermore, after receiving admonishments from the trial court, appellant executed an express written waiver of appeal with regard to the deferred-adjudication order.  In addition, the trial court signed a certification of appellant's right of appeal, wherein the trial court indicated that appellant had waived his right of appeal.  Consequently, appellant did not pursue an appeal at that time.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23(b) (West Supp. 2012) ("The right of the defendant to appeal for a review of the conviction and punishment, as provided by law, shall be accorded the defendant at the time he is placed on community supervision.").

However, in the deferred-adjudication order, the trial court assessed $856 in court costs.  The bill of costs attached to the order indicates that the court costs included $400 in court-appointed attorney's fees.  Condition 16 of the deferred-adjudication order required appellant to pay these court costs at a rate of $25 per month.

---

[1] Appellant was also ordered "to pay restitution to the Texas DPS Lab in the amount of $140.00; and 12.45 unfiled prohibited substance in correction[a]l facility."

On May 29, 2012, the State filed a motion to adjudicate guilt, alleging fourteen violations. Once again, the trial court determined appellant to be indigent and appointed him counsel. At the hearing on the State's motion to adjudicate guilt, appellant pleaded "true" to eleven of the violations alleged in the State's motion. At the conclusion of the hearing, the trial court: (1) concluded that appellant had violated the terms and conditions of his community supervision; (2) found appellant guilty of the underlying offense; and (3) assessed punishment at twenty-four months' confinement in the State-Jail Division of the Texas Department of Criminal Justice with a $1,000 fine. The trial court also assessed court costs of $1,361, which included the $400 in court-appointed attorney's fees previously assessed in the deferred-adjudication order and an additional $500 in court-appointed attorney's fees for the adjudication proceeding. The trial court certified appellant's right of appeal, and appellant subsequently filed his notice of appeal on July 6, 2012.

One month later, on August 6, 2012, appellant filed a motion for judgment nunc pro tunc in the trial court, complaining about the assessment of court-appointed attorney's fees. The trial court ostensibly granted appellant's motion by signing a judgment nunc pro tunc, which reflected an elimination of the $500 in court-appointed attorney's fees assessed for the adjudication hearing. However, the amended bill of costs still reflected the $400 in court-appointed attorney's fees assessed in the deferred-adjudication order. It is the assessment of $400 in court-appointed attorney's fees from which appellant now appeals.

## II.    ANALYSIS

In his sole issue on appeal, appellant contends that the evidence is insufficient to prove that his financial circumstances changed during the pendency of the proceedings. Accordingly, the trial court abused its discretion by requiring him to pay his court-appointed attorney's fees in the deferred-adjudication order.    The Texas Court of Criminal Appeals recently resolved this precise issue in *Wiley v. State*, No. PD-1728-12, 2013 Tex. Crim. App. LEXIS 1464 (Tex. Crim. App. Sept. 25, 2013).

In *Wiley*, the court concluded that a defendant procedurally defaults on his claim that the record does not support the trial court's assessment of court-appointed attorney's fees during the initial guilty-plea proceedings when he fails to bring a direct appeal from the initial judgment.  *See id.* at **21-23.  Specifically, the *Wiley* court noted the following:

> The reimbursement of attorney fees was not imposed upon the appellant *only* as a condition of community supervision.  On authority of Article 26.05(g) of the Code of Criminal Procedure, the judgment independently imposed an obligation to repay attorney fees—"as court costs."  That one of the conditions of community supervision *also* made the fulfillment of that obligation necessary if the appellant wanted to maintain his status as probationer does not mean that he was not otherwise obliged to do it in satisfaction of the judgment.  In this respect, the requirement to pay court costs was not comparable to that sort of conditions of community supervision that the appellant invokes, such as reporting regularly to a probation officer, submitting to drug testing, or satisfying community service requirements.
>
> . . . .
>
> The requirement that the appellant pay court costs did not exist solely as a function of the probationary contract between the appellant and the trial court.  Because the obligation to pay attorney fees was already imposed by the judgment as a court cost, a reviewing court may

treat it for purposes of appeal as it would treat any other judgment obligation for purposes of an evidentiary sufficiency claim; that is, a reviewing court may inquire whether the record rationally supports that obligation even in the absence of an objection in the trial court. In short, *Mayer*, not *Speth*, controls.

. . . .

But this also necessarily means that the appellant could readily have raised this sufficiency claim in a direct appeal from the initial judgment imposing community supervision. Failing to do so, we hold, constituted a procedural default under *Manuel*. The record in this case shows that the appellant was well aware of the existence and the amount of the attorney fees that were imposed for his court appointed representation during the plea proceedings. The bill of costs was dated the same day as the judgment imposing community supervision and was, by the terms of the judgment itself—as indicated in bold capital letters—attached. By his signature, the appellant expressly acknowledged having read and understood the conditions of community supervision. Under these circumstances, the presumption of regularity applies, and we must conclude that the appellant was aware of the requirement that he pay court costs, including the cost of court appointed attorney fees, even as of the time he signed the judgment. He would therefore have known to challenge the sufficiency of the evidence to support this requirement as of the time of any direct appeal from that judgment.

Instead of doing so, he waived his right to appeal, though not required to do so by the terms of any negotiation with the State. Whatever else could be said about such a waiver of appeal, it was certainly executed knowingly with respect to any possible claim that the record did not support the assessment of attorney fees. That he chose to forego that appeal must work as a forfeiture of the claim, and he may not, consistent with our case law, attempt to resuscitate it in a later appeal from the revocation of his community supervision.

*Id.* at **19-23 (internal citations & footnotes omitted) (emphasis in original).

The fact scenario in the instant case is virtually identical to that in *Wiley*. Here, the deferred-adjudication order, signed on September 13, 2011, assessed court costs at $856. Condition 16 of the deferred-adjudication order directs appellant to "**SEE THE**

**ATTACHED BILL OF COSTS**" (emphasis in original). The bill of costs, which was dated the same day as the judgment imposing community supervision and assessing the court costs, reflected that appellant is obligated to pay as court costs $400 in court-appointed attorney's fees. Appellant chose not to appeal the deferred-adjudication order. Instead, on the same day as the judgment was signed and the bill of costs was produced, appellant executed an express written waiver of appeal with respect to the deferred-adjudication order, though he was not required to do so by the terms of any negotiation with the State. Only after his community supervision was revoked did appellant choose to appeal the trial court's assessment of court-appointed attorney's fees in the deferred-adjudication order.

Like *Wiley*, "[u]nder these circumstances, the presumption of regularity applies, and we must conclude that the appellant was aware of the requirement that he pay court costs, including the cost of court appointed attorney fees, even as of the time he signed the judgment." *Id.* at \*22 (citing *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984) ("[T]his Court will indulge every presumption in favor of the regularity of documents in the trial court. This means that the recitations in the records of the trial court, such as a formal judgment, are binding in the absence of direct proof of their falsity.")). Accordingly, appellant should have known "to challenge the sufficiency of the evidence to support this requirement as of the time of any direct appeal from that judgment." *Id.* Appellant chose not to do so; instead, he waived his right to appeal the deferred-adjudication order. Accordingly, like *Wiley*, we conclude that appellant procedurally defaulted his claim about the assessment of court-appointed attorney's

fees in the deferred-adjudication order and may not "attempt to resuscitate it in a later appeal from the revocation of his community supervision."  *Id.* at \*\*22-23 (citing *Manuel v. State*, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999)).  We therefore overrule appellant's sole issue on appeal.

## III.    CONCLUSION

Having overruled appellant's sole issue on appeal, we affirm the judgment of the trial court.

<div style="margin-left: 50%;">

AL SCOGGINS
Justice

</div>

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed November 21, 2013
Publish
[CR25]