Joseph Robert McELWAIN,
Jr., Appellant

v.

The STATE of Texas, Appellee.

No. 10–13–00291–CR.

Court of Appeals of Texas,
Waco.

March 6, 2014.

---

David E. Houston, David Houston Law Office, Cleburne, for Appellant.

Dale S. Hanna, Dist. Atty., David W. Vernon, Asst. Dist. Atty., Cleburne, for Appellee.

Before Chief Justice GRAY, Justice DAVIS, and Justice SCOGGINS.

## ORDER

PER CURIAM.

Joseph Robert McElwain, Jr. was convicted of the offense of burglary of a habitation and sentenced to 15 years in prison. TEX. PEN. CODE ANN. § 30.02(c)(2) (West 2011). Counsel for McElwain has filed a motion to withdraw as counsel and a brief in support of his motion pursuant to *Anders v. California. See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

The brief submitted by McElwain's court-appointed counsel states his professional opinion that there are no arguable grounds for reversal on appeal and, therefore, that any appeal would lack merit. *See Anders*, 386 U.S. at 744, 87 S.Ct. 1396. McElwain's counsel sent a copy of the brief to McElwain, requested permission to withdraw from the case, and notified McElwain of his right to review the record and file a pro se response, which McElwain has not done.

■ When this Court receives an *Anders* brief from a defendant's court-appointed attorney who asserts that no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the entire record. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether case is "wholly frivolous"); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991) (cit-

ing same passage from *Anders*). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals,* 486 U.S. 429, 439 n. 10, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy,* 486 U.S. at 436, 108 S.Ct. 1895. An appeal is not wholly frivolous when it is based on "arguable grounds." *Stafford,* 813 S.W.2d at 511.

■ At this time, our role in this *Anders* appeal is limited to determining whether arguable grounds for appeal exist. *Id.* at 827. If we determine that an arguable ground for appeal exists, we must abate the appeal and remand the case to the trial court to allow the court-appointed attorney to withdraw. *See id.* The trial court must then appoint another attorney to present all arguable grounds for appeal. *See id.* We do not rule on the ultimate merits of the issues raised by a defendant in a pro se response, if any, at this juncture. *Id.* Rather, if we determine that there are arguable grounds for appeal, McElwain is entitled to have new counsel address the merits of all of the issues raised. *Id.* "Only after the issues have been briefed by new counsel may [we] address the merits of the issues raised." *Id.*

■ Our independent review of the record indicates that McElwain, although indigent, was assessed attorney's fees in the judgment of conviction. Based on our independent review of the record, we find that this is an arguable ground for appeal.

*See Mayer v. State,* 309 S.W.3d 552 (Tex. Crim.App.2010); *Wiley v. State,* 390 S.W.3d 629, 630 (Tex.App.-Waco 2012), *aff'd on other grounds,* 410 S.W.3d 313 (Tex.Crim.App.2013). *See also Evans v. State,* 933 S.W.2d 334, 335–336 (Tex.App.-Waco 1996, order) (reformation of the judgment constitutes "relief," thus *Anders* appeal abated for the appointment of new counsel).[1] Court-appointed counsel's brief does not address this arguable ground.

Therefore, we abate this appeal to the trial court for the entry of an order withdrawing the appointment of present counsel and the appointment of new counsel. A copy of the order appointing new counsel shall be forwarded to the Clerk within ten days of the date of this abatement order. Only after new counsel is appointed and the issue identified in this order, as well as any other issues that counsel wishes to advance in the brief on the merits, are addressed will we reach the merits of this appeal. Upon receipt of the appointment of new counsel, we will reinstate the appeal and new counsel will then have thirty days to file a brief unless a motion for extension for good cause is filed and granted by this Court pursuant to the Rules of Appellate Procedure.

Justice SCOGGINS dissenting.

AL SCOGGINS, Justice, dissenting.

In the instant case, the majority has concluded that there is an arguable ground for appeal regarding the trial court's assessment of appellant's court-appointed attorney's fees. Relying on this

---

1. There is substantial disagreement among the various courts of appeals whether this Court can modify the judgment and affirm or must abate to have new counsel appointed to brief this and any other issue identified by the new counsel. Further, we recognize abatement makes it almost impossible for this split of authority among the courts of appeals to be presented, reviewed, and resolved by the Court of Criminal Appeals. *But see Ferguson v. State,* No. 10–13–00173–CR, 435 S.W.3d 291, 2014 Tex.App. LEXIS ——— (Tex.App.-Waco March 6, 2014, no pet. h.) (publish) (also issued on this date; reformation of a judgment affirmed in an *Anders* appeal).

Court's decision in *Evans v. State*, the majority believes that we should abate and remand the matter to the trial court for the appointment of new counsel to address the attorney's fees issue. *See* 933 S.W.2d 334, 335–36 (Tex.App.-Waco 1996, order) (per curiam). Because I believe that such a course of action is a waste of judicial resources, and because I question the rationale in the *Evans* decision, I respectfully dissent.

## I. THE TRIAL COURT'S ASSESSMENT OF APPELLANT'S COURT-APPOINTED ATTORNEY'S FEES

At the outset, I recognize that the majority is correct in questioning the trial court's assessment of appellant's court-appointed attorney's fees when the record clearly demonstrates that appellant is indigent. For purposes of assessing attorney's fees, once an accused is found to be indigent, he is presumed to remain so throughout the proceedings absent proof of a material change in his circumstances. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp.2013); *Mayer v. State*, 309 S.W.3d 552, 557 (Tex.Crim.App.2010); *see also Mayer v. State*, No. 10–10–00302–CR, 2011 WL 653095, at *2, 2011 Tex.App. LEXIS 1369, at *5 (Tex.App.-Waco Feb. 23, 2011, pet. ref'd). Furthermore, the record must reflect some factual basis to support the determination that appellant was capable of paying all or some of his attorney's fees at the time of the judgment. *See* TEX.CODE CRIM. PROC. ANN. art.

26.05(g) (West Supp.2013); *Barrera v. State*, 291 S.W.3d 515, 518 (Tex.App.-Amarillo 2009, no pet.); *see also Stevenson v. State*, No. 10–09–00358–CR, 2011 WL 4978316, at *1, 2011 Tex.App. LEXIS 8302, at *3 (Tex.App.-Waco Oct. 19, 2011, no pet.) (mem. op., not designated for publication).

Here, the trial court appointed appellate counsel after appellant testified at the arraignment that he does not have any property or money to hire an attorney.[1] The record does not indicate a material change in appellant's financial situation. However, in its judgment, the trial court assessed $1,796 in court costs, which, as reflected in the bill of costs, included a $1,500 reimbursement of appellant's court-appointed attorney's fees. Because the record reflects that appellant has been indigent through the duration of this case, there is insufficient evidence in the record to support the assessment of appellant's court-appointed attorney's fees. *See Mayer*, 309 S.W.3d at 557; *see also Willis v. State*, No. 10–09–00420–CR, 2010 WL 4008368, at *1, 2010 Tex.App. LEXIS 8255, at *2 (Tex.App.-Waco Oct. 13, 2010, no pet.) (mem. op., not designated for publication) ("If the State fails to present evidence that the defendant is able to pay all or part of his court-appointed attorney's fees, then the trial court commits error by assessing any part of those fees as costs of court."). In such cases, the proper remedy is to reform the judgment by deleting the attorney's fees.[2] *See Mayer*, 309 S.W.3d at 557; *see*

---

1. Appellant filed a pro se affidavit of indigence on July 31, 2013, two weeks after the trial court signed the judgment of conviction in this case. In his affidavit, appellant requested that the trial court appoint him counsel to handle his appeal. The trial court found that appellant was indigent and appointed appellate counsel to handle appellant's appeal.

2. In addition, it is worth noting that, unlike *Wiley v. State*, this case does not involve a deferred-adjudication order. *See* 410 S.W.3d 313 (Tex.Crim.App. Sept. 25, 2013) (concluding that a defendant procedurally defaults on his claim that the record does not support the trial court's assessment of court-appointed attorney's fees during the initial guilty-plea proceedings when he fails to bring a direct appeal from the initial judgment); *see also*

*also Moten v. State,* No. 10–12–00027–CR, 2012 WL 5696200, at *8, 2012 Tex.App. LEXIS 9541, at *22 (Tex.App.-Waco Nov. 15, 2012, pet. ref'd). But, to complicate matters further, appellant's appellate counsel has filed a motion to withdraw and an accompanying *Anders* brief, arguing that this is a frivolous appeal—a contention from which the majority disagrees. Nevertheless, the crux of my disagreement with the majority centers on whether we can reform a judgment and affirm the judgment as modified in *Anders* cases.

## II. THE *EVANS* OPINION

In *Evans,* a 1996 opinion, this Court held that an appeal is not frivolous if a defendant is entitled to any relief from an appellate court, which includes reformation of a judgment. However, as I noted in *Ferguson v. State,* No. 10–13–00173–CR, 435 S.W.3d 291, 2014 Tex.App. LEXIS —— (Tex.App.-Waco March 6, 2014), numerous Texas courts have held to the contrary: that appellate courts have the authority to reform judgments and affirm as modified in cases where there is non-reversible error. *See Bray v. State,* 179 S.W.3d 725, 729–30 (Tex.App.-Fort Worth 2005, no pet.) (reforming the trial court's judgment in an *Anders* case because abatement "would require the trial court to do a useless task—appoint counsel to raise an issue of law that we have previously ruled on . . ." and affirming the judgment as modified); *Getts v. State,* 155 S.W.3d 153, 154 (Tex.Crim.App.2005) (affirming a court of appeals' reformation of the trial court's judgment in an *Anders* case); *see also R.J.O. v. Tex. Dep't of Family & Protective Servs.,* No. 03–13–00478–CV, 2013 WL 6060778, at *1–2 & n. 3, 2013 Tex.App. LEXIS 13874, at *4–5 & n. 3 (Tex.App.-Austin Nov. 13, 2013, no pet.) (mem. op.) (reforming the trial court's final decree to remove a statutory ground for termination and affirming the judgment as modified in an *Anders* case); *Sheddan v. State,* No. 12–12–00391–CR, 2013 WL 3377416, at *1–2, 2013 Tex.App. LEXIS 8197, at *3–5 (Tex.App.-Tyler July 3, 2013, no pet.) (mem. op., not designated for publication) (reforming the trial court's judgment to reflect that appellant pleaded "true" to an enhancement paragraph and the trial court found the enhancement paragraph to be "true" and affirming the judgment as modified in an *Anders* case); *Thomas v. State,* No. 13–12–00283–CR, 2012 WL 6680143, at *1–2, 2012 Tex.App. LEXIS 10550, at *4–5 (Tex.App.-Corpus Christi Dec. 20, 2012, no pet.) (mem. op., not designated for publication) (deleting a $500 fine from appellant's administrative fees and affirming the judgment as modified in an *Anders* case); *McBreen v. State,* Nos. 05–03–01424–CR, 05–03–01425–CR, 2005 WL 3032496, at *4, 2005 Tex.App. LEXIS 9524, at *10–11 (Tex.App.-Dallas Nov. 14, 2005, no pet.) (mem. op., not designated for publication) (modifying the trial court's written judgment to reflect the sentence orally pronounced and affirming the judgment as modified in an *Anders* case); *Burnett v. State,* No. 06–00–00147–CR, 2001 WL 82520, at *1–2, 2001 Tex. App. LEXIS 714, at *4–5 (Tex.App.-Texarkana Feb. 1, 2001, no pet.) (mem. op., not designated for publication) (reforming the trial court's judgment to delete a condition of parole and affirming the judgment as modified in an *Anders* case); *Adams v. State,* No. 14–97–00553–CR, 1999 WL 144793, at *1–2, 1999 Tex.App. LEXIS 1872, at *4–5 (Tex.App.-Houston [14th Dist.] Mar. 18, 1999, no pet.) (mem. op.,

Richards v. State, *422 S.W.3d 33, 34–37 (Tex. App.-Waco 2013, no pet.) (mem. op., not des-* *ignated for publication).*

not designated for publication) (reforming the judgment to reflect that appellant was convicted of a third-degree felony, rather than a second-degree felony, noting that this error "does not entitle appellant to reversal of his conviction," and affirming the judgment as modified in an *Anders* case).

I have not found any cases following the rationale articulated in *Evans*. Moreover, the Texas Court of Criminal Appeals has stated that "the law does not compel us to require courts to perform useless tasks." *Homan v. Hughes*, 708 S.W.2d 449, 454 (Tex.Crim.App.1986). And after conducting a full examination of all the proceedings, *see Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 349–50, 102 L.Ed.2d 300 (1988), it is clear that all of the court-appointed attorney's fees imposed against appellant should be deleted from the judgment. *See Mayer*, 309 S.W.3d at 557; *see also Moten*, 2012 WL 5696200, at *8, 2012 Tex.App. LEXIS 9541, at *22. Accordingly, I do not believe that abatement is necessary because it would amount to ordering the trial court to do a useless task that this Court is already authorized to do: reform the judgment to delete the court-appointed attorney's fees and affirm the judgment as modified. *See Mayer*, 309 S.W.3d at 557; *Homan*, 708 S.W.2d at 454; *Bray*, 179 S.W.3d at 729–30; *see also Moten*, 2012 WL 5696200 at *8, 2012 Tex.App. LEXIS 9541, at *22. Therefore, in the interest of judicial economy, I would simply reform the trial court's judgment to eliminate the court-appointed attorney's fees and affirm the judgment as modified. See Tex. R. App. P. 43.2(b); *Pfeiffer v. State*, 363 S.W.3d 594, 599 (Tex.Crim.App. 2012) (observing that "when a defendant appeals his conviction, the courts of appeals have the jurisdiction to address any error in that case"); *Martin*, 335 S.W.3d at 873; *French v. State*, 830 S.W.2d 607, 609 (Tex.Crim.App.1992) (stating that an appellate court has authority to reform a judgment to include an affirmative finding to make the record speak the truth when the matter has been called to its attention by any source); *see also Romero v. State*, No. 13–13–00270–CR, 2013 WL 6729959, at *2, 2013 Tex.App. LEXIS 15198, at *5 (Tex.App.-Corpus Christi Dec. 19, 2013, no pet. h.) (mem. op., not designated for publication) ("Appellate courts may modify the trial court's judgment to make the record speak the truth when we have the necessary information to do so, even in cases where appellant's counsel files an *Anders* brief."). And to the extent that *Evans* requires abatement in circumstances such as this, I would overrule the case. *See* 933 S.W.2d at 344.