

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00173-CR

**DARRELL FERGUSON,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 13th District Court
### Navarro County, Texas
### Trial Court No. D34418-CR

## O P I N I O N

Appellant, Darrell Ferguson, was charged by indictment with continuous sexual abuse of a child, a first-degree felony. *See* TEX. PENAL CODE ANN. § 21.02(b), (h) (West Supp. 2013). Appellant pleaded "not guilty" to the charge, and the case proceeded to trial. At the conclusion of the evidence, the jury found appellant guilty of the charged offense, and the trial court sentenced appellant to life imprisonment in the Institutional Division of the Texas Department of Criminal Justice. Appellant appeals from this judgment, and we affirm as modified.

# I.   *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967), appellant's court-appointed appellate counsel filed a brief with this Court, stating that her review of the record yielded no grounds of error upon which an appeal can be predicated. Accompanying counsel's brief is a motion to withdraw in this appellate cause number. Counsel's brief presents a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced in this appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court that she has: (1) examined the record and found no arguable grounds to advance in this appeal; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and (3) informed appellant of his right to review the record and to file a pro se response in this appeal.[1] *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400;

---

[1] The Texas Court of Criminal Appeals has held that "'the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether

*Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.   On December 19, 2013, appellant filed a letter in response to counsel's *Anders* brief and motion to withdraw.

## II.   INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.   *Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 349-50, 102 L. Ed. 2d 300 (1988).   After reviewing the entire record, counsel's brief, and appellant's response, we have found nothing that would arguably support an appeal in this matter.   *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.   However, there is some error in the judgment regarding the child victim's age at the time of the offense.

Despite concluding that there is no reversible error in the judgment, counsel requests that we modify the trial court's judgment, which states that the continuous sexual abuse transpired from when the child victim was five years old and until she was twelve years old, to correspond with the evidence and the allegations in the indictment that allege that the continuous sexual abuse transpired "on or about September 1, 2007, though June 30, 2009" or, in other words, when the child victim was

the case presents any meritorious issues.'"   *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

twelve to thirteen years old. We recognize that this Court has previously held that reformation of a judgment constitutes relief and that if a defendant is entitled to any relief from an appellate court, he is not prosecuting a frivolous appeal. *Evans v. State*, 933 S.W.2d 344, 344 (Tex. App.—Waco 1996, no pet.). However, since that holding, numerous Texas courts have held to the contrary: that appellate courts have the authority to reform judgments and affirm as modified in cases where there is non-reversible error. *See Bray v. State*, 179 S.W.3d 725, 729-30 (Tex. App.—Fort Worth 2005, no pet.) (reforming the trial court's judgment in an *Anders* case because abatement "would require the trial court to do a useless task—appoint counsel to raise an issue of law that we have previously ruled on . . ." and affirming the judgment as modified); *Getts v. State*, 155 S.W.3d 153, 154 (Tex. Crim. App. 2005) (affirming a court of appeals' reformation of the trial court's judgment in an *Anders* case); *see also R.J.O. v. Tex. Dep't of Family & Protective Servs.*, No. 03-13-00478-CV, 2013 Tex. App. LEXIS 13874, at **4-5 & n.3 (Tex. App.—Austin Nov. 13, 2013, no pet.) (mem. op.) (reforming the trial court's final decree to remove a statutory ground for termination and affirming the judgment as modified in an *Anders* case); *Sheddan v. State*, No. 12-12-00391-CR, 2013 Tex. App. LEXIS 8197, at **3-5 (Tex. App.—Tyler July 3, 2013, no pet.) (mem. op., not designated for publication) (reforming the trial court's judgment to reflect that appellant pleaded "true" to an enhancement paragraph and the trial court found the enhancement paragraph to be "true" and affirming the judgment as modified in an *Anders* case); *Thomas v. State*, No. 13-12-00283-CR, 2012 Tex. App. LEXIS 10550, at **4-5 (Tex. App.—Corpus Christi Dec. 20, 2012, no pet.) (mem. op., not designated for publication)

(deleting a $500 fine from appellant's administrative fees and affirming the judgment as modified in an *Anders* case); *McBreen v. State*, Nos. 05-03-01424-CR, 05-03-01425-CR, 2005 Tex. App. LEXIS 9524, at **10-11 (Tex. App.—Dallas Nov. 14, 2005, no pet.) (mem. op., not designated for publication) (modifying the trial court's written judgment to reflect the sentence orally pronounced and affirming the judgment as modified in an *Anders* case); *Burnett v. State*, No. 06-00-00147-CR, 2001 Tex. App. LEXIS 714, at **4-5 (Tex. App.—Texarkana Feb. 1, 2001, no pet.) (mem. op., not designated for publication) (reforming the trial court's judgment to delete a condition of parole and affirming the judgment as modified in an *Anders* case); *Adams v. State*, No. 14-97-00553-CR, 1999 Tex. App. LEXIS 1872, at **4-5 (Tex. App.—Houston [14th Dist.] Mar. 18, 1999, no pet.) (mem. op., not designated for publication) (reforming the judgment to reflect that appellant was convicted of a third-degree felony, rather than a second-degree felony, noting that this error "does not entitle appellant to reversal of his conviction," and affirming the judgment as modified in an *Anders* case).

We have not found any cases following the rationale articulated in *Evans*. Moreover, the Texas Court of Criminal Appeals has stated that "the law does not compel us to require courts to perform useless tasks." *Homan v. Hughes*, 708 S.W.2d 449, 454 (Tex. Crim. App. 1986). In the instant case, the requested modification of the judgment does not result in a reversal of appellant's conviction. *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 444, 108 S. Ct. 1895, 1905, 100 L. Ed. 2d 440 (1988) ("In searching for the strongest arguments available, the attorney must be zealous and must resolve all doubts and ambiguous legal questions in favor of his or

her client. Once that obligation is fulfilled, however, and counsel has determined that the appeal is frivolous—*and therefore that the client's interests would not be served by proceeding with the appeal*—the advocate does not violate his or her duty to the client by supporting a motion to withdraw with a brief that complies with both *Anders* and the Wisconsin Rule." (emphasis added)). Accordingly, we do not believe that abatement is necessary in this case because it would amount to ordering the trial court to do a useless task. *See Homan*, 708 S.W.2d at 454; *see also Bray*, 179 S.W.3d at 729-30. Therefore, to the extent that *Evans* requires abatement in circumstances such as this, we overrule the case. *See* 933 S.W.2d at 344.

In any event, the child victim testified that she born on August 29, 1995, and that the sexual abuse occurred from when she was five years old until she was twelve years old. However, other witnesses testified that the child victim told them that the sexual abuse continued until she was thirteen. The child victim did not specify the exact date that the alleged sexual abuse concluded. *See Ozuna v. State*, 199 S.W.3d 601, 606 (Tex. App.—Corpus Christi 2006, no pet.) ("The victim's description of what happened to [her] need not be precise, and [she] is not expected to express [herself] at the same level of sophistication as an adult.") (citing *Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990) (en banc) (noting that courts give wide latitude to the testimony given by child victims of sexual abuse)).

It is undisputed that section 21.02 of the Texas Penal Code, the operative statutory provision in this case, first became effective on September 1, 2007. *See* Act of May 18, 2007, 80th Leg., R.S., ch. 593, §§ 1.17, 4.01(a), 2007 Tex. Gen. Laws 1120, 1127,

1148; *see also Martin v. State*, 335 S.W.3d 867, 873 (Tex. App.—Austin 2011, pet. ref'd). "An offense is committed before the effective date of the statute if any element of the offense occurs before that date." *Martin*, 335 S.W.3d at 873; *see, e.g., McGough v. State*, No. 11-10-00073-CR, 2012 Tex. App. LEXIS 1669, at **20-21 (Tex. App.—Eastland Mar. 1, 2012, pet. ref'd) (mem. op., not designated for publication). Thus, the State could not rely on any "act of sexual abuse" that occurred before September 1, 2007, to prove the offense of continuous sexual abuse of a young child. *See Martin*, 335 S.W.3d at 873; *see also McGough*, 2012 Tex. App. LEXIS 1669, at **20-21. Instead, to obtain a conviction in this case, the State was required to prove that continuous sexual abuse occurred for a period of thirty or more days during the time period beginning on September 1, 2007, and ending on June 30, 2009. *See Klein v. State*, 273 S.W.3d 297, 303 n.5 (Tex. Crim. App. 2008) (noting that the State is not required to prove the specific date the offense occurred when an "on or about" date is alleged within the indictment); *Wright v. State*, 28 S.W.3d 526, 532 (Tex. Crim. App. 2000). Therefore, because the State could not rely on any "act of sexual abuse" that transpired before September 1, 2007, when the child victim was twelve years old, and based on our review of the record, we will modify the trial court's judgment to reflect that the age of the victim at the time of the offense was twelve to thirteen years old—the ages supported by the testimony adduced at trial. *See* Tex. R. App. P. 43.2(b); *Pfeiffer v. State*, 363 S.W.3d 594, 599 (Tex. Crim. App. 2012) (observing that "when a defendant appeals his conviction, the courts of appeals have the jurisdiction to address any error in that case"); *Martin*, 335 S.W.3d at 873; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (stating that an appellate court has

authority to reform a judgment to include an affirmative finding to make the record speak the truth when the matter has been called to its attention by any source); *see also Romero v. State*, No. 13-13-00270-CR, 2013 Tex. App. LEXIS 15198, at *5 (Tex. App.—Corpus Christi Dec. 19, 2013, no pet. h.) (mem. op., not designated for publication) ("Appellate courts may modify the trial court's judgment to make the record speak the truth when we have the necessary information to do so, even in case where appellant's counsel files an *Anders* brief."); *McGough*, 2012 Tex. App. LEXIS 1669, at **20-21. We affirm as modified.

### III.   MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant in this matter. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for

discretionary review.[2]  *See* Tex. R. App. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412

n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).


AL SCOGGINS
Justice


Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
(Chief Justice Gray concurring with Justice Davis joining)
Affirmed as modified
Opinion delivered and filed March 6, 2014
Publish
[CR25]

---

[2] No substitute counsel will be appointed.  Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to a file petition for discretionary review or must file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by this Court.  *See* Tex. R. App. P. 68.2.  Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals.  *See id.* at R. 68.3.  Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure.  *See id.* at R. 68.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.