

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00403-CR

**LEMYEL ODELL PRICE,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 66th District Court
### Hill County, Texas
### Trial Court No. 36,923

## O R D E R

Lemyel Odell Price, Jr., was charged with burglary of a habitation, a second degree felony offense. TEX. PENAL CODE ANN. § 30.02 (West 2011). The trial court deferred an adjudication of guilt and placed Price on community supervision for a period of eight years. After a hearing on the State's second motion to adjudicate, the trial court revoked Price's community supervision, adjudicated his guilt, and sentenced him to eight years in prison.

Price's appellate attorney filed an *Anders* brief in this appeal. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Counsel asserts in the *Anders* brief that after a detailed search of the record, he has found no non-frivolous issues to appeal. Counsel specifically discusses what the State was required to prove, that being identity and a violation of community supervision, the four violations alleged by the State, and his conclusion that the three witnesses called by the State sufficiently proved those violations.

However, after reviewing the record, we discovered that the State's first motion to adjudicate included the multiple grounds reviewed by counsel. That motion resulted in the trial court amending Price's terms of community supervision to require him to successfully complete a term of confinement and treatment in a Substance Abuse Felony Punishment Facility. The State filed a second motion to adjudicate because Price was unsuccessfully discharged from SAFPF. A hearing was held on that one violation. The trial court revoked Price's community supervision, adjudicated him guilty, and sentenced him to eight years in prison. It is from that sequence of events that Price appeals. Further, we note that when the trial court adjudicated Price guilty, it ordered restitution, "old" attorney's fees, and transport fees. Counsel failed to review any of these fees to determine if any arguable issue on appeal arises from the imposition of the fees. *See generally McElwain v. State*, No. 10-13-00291-CR, 2014 Tex. App. LEXIS 2661 (Tex. App.—Waco Mar. 6, 2014, order) (publish).

To comply with *Anders*, counsel's brief must evidence a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Because counsel does not review the State's second motion to adjudicate or the resulting hearing, and because counsel does not review or discuss the fees ordered by the trial court, we conclude that counsel has not conducted the required professional evaluation of the record.

Accordingly, we abate this proceeding to the trial court for the entry of an order withdrawing the appointment of present counsel and the appointment of new counsel in this appeal. *See High*, 573 S.W.2d at 813 ("The appeal is abated and the cause is remanded in order that the trial court might provide appellant with the effective assistance of counsel on appeal."). A copy of the order appointing new counsel shall be forwarded to the Clerk of this Court within ten days of the date of this abatement order. Upon receipt of the appointment of new counsel, we will reinstate the appeal and new counsel will then have thirty days to file a brief unless a motion for extension for good cause is filed and granted by this Court pursuant to the Rules of Appellate Procedure.

PER CURIAM

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Appeal abated
Order issued and filed May 1, 2014