

# IN THE
## TENTH COURT OF APPEALS

No. 10-13-00286-CR
No. 10-13-00292-CR

**CLARENCE DWIGHT HINES,**

                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                    **Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court Nos. 2012-1945-C2 and 2012-1946-C2

## MEMORANDUM OPINION

In these two cases, which were consolidated for trial, Appellant Clarence Dwight Hines was convicted of the felony offenses of possession with intent to deliver cocaine (four grams or more but less than 200 grams) and unlawful possession of a firearm by a felon, respectively. For both cases, the jury found the enhancement paragraphs to be true and assessed prison sentences of thirty-five and three years, respectively.

Hines's appointed appellate counsel has filed a motion to withdraw and an *Anders* brief in each case, asserting that he has diligently reviewed the appellate records

and that, in his opinion, the appeals are frivolous. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Although informed of his right to do so, Hines did not file *pro se* responses to the *Anders* briefs.

In an *Anders* case, we must, "after a full examination of all the proceedings, [] decide whether the case is wholly frivolous." *Id.* at 744, 87 S. Ct. at 1400; *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n.10, 108 S. Ct. 1895, 1902 n.10, 100 L. Ed.2d 440 (1988).

Despite concluding that these appeals are frivolous, Hines's appointed counsel noted and briefed alleged errors in both judgments. Counsel alleges the following errors in the judgment in No. 10-13-00286-CR (Trial Court No. 2012-1945-C2):

- The judgment incorrectly recites "N/A" regarding Hines's pleas and the jury's findings as to the enhancement paragraphs, but Hines pled true to the first enhancement paragraph and not true to the second, and the jury found both to be true.

- Despite being indigent, Hines was assessed $75.00 in court-appointed attorney's fees.

Counsel alleges the following errors in the judgment in No. 10-13-00292-CR (Trial Court No. 2012-1946-C2):

- The judgment incorrectly cites "46.04 Texas Controlled Substances Act" as the statute for the offense; it should cite "46.04 Texas Penal Code."

- The judgment incorrectly recites that Hines pled true to the enhancement; he pled not true.

And in each case, counsel alleges that the assessed court costs are incorrect because they include a $219.00 filing fee when the statutory assessment is $40.00.

Citing *Hall v. State,* No. 06-09-00106-CR, 2010 WL 619349 (Tex. App.—Texarkana Feb. 23, 2010, no pet.) (mem. op., not designated for publication), counsel asserts that, despite the *Anders* briefs, we can correct the alleged errors and affirm the judgments as corrected. At the time of the filing of the *Anders* briefs, counsel did not have the benefit of our two recent rulings that addressed this issue. In *McElwain v. State*, No. 10-13-00291-CR, ___ S.W.3d ___, 2014 WL 895198 (Tex. App.—Waco Mar. 6, 2014, order), the majority held that the appeal was not frivolous because the indigent defendant had been erroneously assessed attorney's fees in the judgment and his court-appointed appellate counsel had not addressed that arguable ground. *Id.,* ___ S.W.3d at ___, 2014 WL 895198, at *1. The Court therefore abated the appeal for trial court to appoint new counsel to advance the arguable ground. *Id.,* ___ S.W.3d at ___, 2014 WL 895198, at *2.

In *Ferguson v. State*, No. 10-13-00173-CR, ___ S.W.3d ___, 2014 WL 895196 (Tex. App.—Waco Mar. 6, 2014, no pet. h.), appellant's counsel filed an *Anders* brief stating that there was no reversible error but noting that there was an error in the judgment regarding the victim's age at the time of the offense. *Id.,* ___ S.W.3d at ___, 2014 WL 895196, at *1-2. Under those circumstances, we modified the judgment and affirmed the judgment as modified. *Id.,* ___ S.W.3d at ___, 2014 WL 895196, at *3. In a concurring opinion joined by Justice Davis, Chief Justice Gray noted that counsel's *Anders* brief was actually a brief on the merits because it had pointed out and briefed an error in the judgment. *Id.,* ___ S.W.3d at ___, 2014 WL 895196, at *5.

These two cases are like *Ferguson*: Despite finding no reversible error, counsel

has identified alleged errors in the judgments.[1]  We will therefore treat the briefs as briefs on the merits and address the alleged errors.[2]  *See id.*

Regarding the enhancement pleas and findings, counsel is correct in both cases. Accordingly, in No. 10-13-00286-CR (Trial Court No. 2012-1945-C2), we modify the judgment to reflect that the plea to the first enhancement paragraph is "TRUE," the plea to the second enhancement/habitual paragraph is "NOT TRUE," the finding on the first enhancement paragraph is "TRUE," and the finding on the second enhancement/habitual paragraph is "TRUE."  And in No. 10-13-00292-CR (Trial Court No. 2012-1946-C2), we modify the judgment to reflect that the plea to the first enhancement paragraph is "NOT TRUE."

In No. 10-13-00286-CR (Trial Court No. 2012-1945-C2), because Hines was indigent and is presumed to remain indigent absent record proof of a material change in his circumstances, the judgment incorrectly assessed $75.00 in court-appointed attorney's fees.  *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g) (West Supp. 2013); *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Watkins v. State*, 333 S.W.3d 771, 781-82 (Tex. App.—Waco 2010, pet. ref'd).  Accordingly, we modify the judgment's court costs by deleting $75.00 from the assessed court costs of $444.00 for a corrected court costs amount of $369.00.

In No. 10-13-00292-CR (Trial Court No. 2012-1946-C2), counsel is correct that the

---

[1] We have conducted an independent review of the records, and we agree that no reversible error exists in these appeals.

[2] Accordingly, counsel's motions to withdraw are dismissed as moot.

statutory offense is incorrect, so we therefore modify the judgment to reflect the statute for the offense to be "46.04 Texas Penal Code."

Finally, we address the allegedly incorrect clerk's filing fee amount of $219.00 in each case. Counsel is correct that a convicted defendant is liable to the clerk for the clerk's services in the statutory fee amount of $40.00. TEX. CODE CRIM. PROC. ANN. art. 102.005(a) (West 2006). But counsel incorrectly assumes that the $219.00 fee is the fee assessed under article 102.005(a); instead, as we have recently noted, the $40.00 fee is included in the clerk's $219.00 fee, which consists of a number of statutorily authorized fees. *See Cook v. State,* No. 10-12-00204-CR, 2014 WL 1016242, at *1 (Tex. App.—Waco Mar. 13, 2014, no pet. h.) (mem. op., not designated for publication); *see also Hearne v. State,* 415 S.W.3d 365, 367 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd); *Ballinger v. State,* 405 S.W.3d 346, 350 & n.5 (Tex. App.—Tyler 2013, no pet.). We therefore overrule the request to modify the court costs in this respect.

Having otherwise modified the judgments as specified above, we affirm the judgments as modified.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
    (Justice Scoggins concurs)
Affirmed as modified
Opinion delivered and filed May 29, 2014
Do not publish
[CRPM]