

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-15-00145-CR

## IN RE ROBERT ALLEN BYRD

_____

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2007-568-C2**

## CONCURRING OPINION

In this proceeding, Robert Allen Byrd again complains about some facet of having to pay attorney's fees from his inmate account. Byrd previously filed another mandamus related to this same issue which was denied. *In re Byrd*, No. 10-14-00296-CR, 2014 Tex. App. LEXIS 11727 (Tex. App.—Waco Oct. 23, 2014) (orig. proceeding). He is now attempting to compel the trial court to revise the trial court's judgment to delete attorney's fees from the cost assessed against him or compel the trial court clerk to modify the certified bill of cost, modify or amend the trial court's withholding order for future withholdings, and order funds previously taken out of his inmate account for

attorney's fees to be restored to his account.[1]  The trial court has correctly determined that it has no jurisdiction to modify its judgment, including the assessment of cost, at this late date.  Having no jurisdiction to modify its judgment and the amount of cost assessed, there is no basis for the trial court to modify its withholding order.

Byrd was convicted of Capital Murder and was sentenced to life in prison on October 15, 2008.  The judgment, while suffering some of the anomalies mentioned in my concurring and dissenting opinion in *Bledsoe v. State*, No. 10-12-00276-CR, 2012 Tex. App. LEXIS 10579 (Tex. App.—Waco, Dec. 20, 2012, no pet.) (not designated for publication) (Gray, C.J., concurring and dissenting), assessed court costs and attorney's fees against Byrd.  The judgment reflects cost and fees of $7,045.50.  The certified bill of cost, apparently prepared on November 3, 2008, *see id.*, includes attorney's fees of $5,289.50 and investigator's fees of $1,500.  Byrd's appellate attorney filed an *Anders* brief.[2]  This Court affirmed the trial court's judgment on September 23, 2009.  *Byrd v. State*, No. 10-08-00390-CR, 2009 Tex. App. LEXIS 7483 (Tex. App.—Waco Sept. 23, 2009, pet. ref'd) (not designated for publication).  In doing so, both the appellate attorney and the Court overlooked the potential issue that the attorney's and investigator's fees should not have been assessed against Byrd.  *See Watkins v. State*, 333 S.W.3d 771 (Tex.

---

[1] Byrd may be only trying to compel the trial court to rule on a pending motion in the trial court, which motion is to obtain the described relief.  It is difficult to tell from what Byrd has filed.  It is the objective of this concurring opinion to put the issue to rest by giving Byrd's petition the broadest possible reading and explain to him why his efforts have not been successful so that he will cease to consume limited judicial resources.

[2] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

App—Waco 2010, pet. ref'd) ("inclusion of the court-appointed attorney's and investigator's fees was erroneous because there was no evidence of a change in [appellant's] ability to pay the fees subsequent to the determination that he was indigent. *See Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010)."). At the very least, there may have been no evidence to support such an award in the record and, as such, the assessment of these items as cost against Byrd was an issue that should have been raised, briefed, and presented to the Court. *See McElwain v. State*, 435 S.W.3d 298 (Tex. App.—Waco 2014, order) (*Anders* appeal abated for new counsel and briefing on attorney's fee issue not identified by counsel); *see also Hines v. State*, Nos. 10-13-00286-CR and 10-13-00292-CR, 2014 Tex. App. LEXIS 5768 (Tex. App.—Waco May 29, 2014, pet. ref'd) (not designated for publication) (because counsel raised issue regarding attorney's fees, *Anders* brief was considered a brief on the merits and the judgment was reformed to delete attorney's fees). That issue, however, was not an issue that was readily apparent until after *Mayer* was decided by the Court of Criminal Appeals several years later. *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010).

Nevertheless, the issue could have been presented in Byrd's direct appeal. *Id*. Furthermore, it was an issue that could have been presented by a motion during the first year after the trial court assessed those fees and the certified bill of cost was prepared. TEX. CODE CRIM. PROC. ANN. art. 103.008 (West 2006). It appears from the documents submitted that Byrd has been aware of the withholding order since around

the time that it was signed on October 15, 2008. Had such a motion been timely filed and denied, Byrd would have had an alternative legal remedy by a timely filed mandamus from the order denying a correction to the bill of cost. *See Perez v. State*, 424 S.W.3d 81, 87-88 (Tex. Crim. App. 2014) (Alcala, J., concurring).

Byrd contends the judgment is void for erroneously including attorney's fees cost in it. Byrd's contention is wrong. At most, the judgment is erroneous, but it is not void. Upon the proper findings, a court has the authority, the jurisdiction, to assess attorney fees as recoverable cost in a criminal proceeding. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West 2009). And while the inclusion of attorney's fees in a particular judgment may be error, such an error does not make the judgment void.

Byrd failed to draw our attention to the error on direct appeal. Further, Byrd failed to timely file a motion to correct the bill of cost pursuant to article 103.008. Having had two legal avenues for relief but having slumbered on his rights, Byrd has lost his opportunity to correct the bill of cost. *See Perez v. State*, 424 S.W.3d 81, 87-89 (Tex. Crim. App. 2014) (Alcala, J., concurring).[3] For the forgoing reasons, I concur in the

---

[3] A petition for writ of habeas corpus is not available to Byrd on this issue. *Ex parte Knight*, 401 S.W.3d 60, 66 (Tex. Crim. App. 2013); *In re Daniel*, 396 S.W.3d 545, 548 (Tex. Crim. App. 2013). Moreover, Judge Alcala discussed, in her concurring opinion in *Perez*, five possible methods for this issue to be addressed and corrected. *Perez v. State*, 424 S.W.3d 81, 87-89 (Tex. Crim. App. 2014) (Alcala, J., concurring). I have discussed and explained above why two of those methods are no longer viable for Byrd. Options 3 and 4 are not viable for Byrd because the costs were assessed in time for correction by either of the first two options. *Id*. at 87-88 (Option 3: A petition for a writ of mandamus when the bill of cost is prepared after the direct appeal is over and beyond the one year for such an action under 103.008; Option 4: The fourth option is dependent on a bill of cost not having been produced. Such a bill of cost was produced in this proceeding). The fifth, and last, option discussed by Judge Alcala is a civil option that attacks the process by which the fee is collected. *Id*. at 89; *Harrell v. State*, 286 S.W.3d 315, 317 (Tex. 2009). That option is

Court's opinion and judgment to deny the petition for writ of mandamus filed by Byrd.


TOM GRAY
Chief Justice

Concurring opinion delivered and filed May 28, 2015
Publish



---

available only to attack the procedure and not the amount being collected from the account. *Id*. Byrd's complaint is not about the procedure but rather is about an error in the amount: the inclusion in the amount being taken from his account for attorney's fees. Thus, the fifth option is also not viable for Byrd.