

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-19-00345-CR
07-19-00346-CR
07-19-00347-CR

DANDRE JAMARIOUS HAYWARD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 54th District Court
McLennan County, Texas
Trial Court Nos. 2018-1900-C2, 2018-1901-C2, 2018-1902-C2,
Honorable David Hodges, Presiding

December 31, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE, and DOSS, JJ.

Appellant, D'Andre Jamarious Hayward, appeals the trial court's orders deferring, for ten years, the adjudication of his guilt on three separate criminal charges. Those charges are Engaging in Organized Criminal Activity, Burglary of a Habitation, and

Aggravated Assault. The decision to defer appellant's adjudication of guilt arose from appellant's open pleas of guilty to each charge. He now appeals from those orders.[1]

Appellant's appointed counsel filed motions to withdraw and an *Anders*[2] brief in each cause. Through them, he certified that, after diligently searching the appellate record and law, the appeals were without merit. Accompanying the briefs and motions were letters informing appellant of 1) his conclusion, 2) appellant's right to file a pro se response to that conclusion, and 3) appellant's right to access the appellate record. Counsel also attached to his letters copies of an "Appellant's Motion for Access to Appellate Record" for appellant's consideration. By letter dated November 15, 2019, this Court also notified appellant of his right to file his own responses by December 12, 2019. Appellant filed a pro se response in which he contends that he was denied a new attorney and challenges the voluntariness of his pleas. Neither contention presents an arguable issue based on the record before us.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed potential areas for appeal, which areas included error related to the entry of guilty pleas and the deferral of the adjudication of guilt. Counsel also provided analysis and authority explaining why the areas mentioned provided no arguable basis for reversal.

We conducted our own review of the appellate records pursuant to *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008), and *Stafford v. State*, 813 S.W.2d 503 (Tex.

---

[1] Because this appeal was transferred from the Tenth Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. *See* TEX. R. APP. P. 41.3.

[2] *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

Crim. App. 1991) (en banc), and also found no arguable error warranting reversal. However, our consideration of the record disclosed mistakes necessitating correction. They concern the assessment of attorneys' fees upon appellant in each cause. In trial court cause number 2018-1900-C2 and as reflected in the bill of costs, the sum of $400.00 for attorney's fees was assessed. In cause number 2018-1901-C2 and as reflected in the bill of costs, the sum of $1,712.50 in attorney's fees was assessed. And, in cause number 2018-1902-C2, attorney's fees in the amount of $500.00 were assessed, as reflected in the bill of costs. Initially having been found indigent and the trial court having not found that such status changed at the time of entering its orders deferring the adjudication of guilt, appellant was not subject to an assessment of such fees. *See Simmons v. State*, No. 07-17-00127-CR, 2019 Tex. App. LEXIS 2760, at *12–13 (Tex. App.—Amarillo Apr. 5, 2019, no pet.) (mem. op., not designated for publication) (citing TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g) (West Supp. 2018)).

Judgments may be modified in an *Anders* situation to correct a mistake when the mistake would "not result in a reversal of appellant's conviction." *See Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. dism'd); *accord Martinez v. State*, No. 07-18-00229-CR, 2019 Tex. App. LEXIS 10036, at *3 (Tex. App.—Amarillo Nov. 19, 2019, no pet. h.) (mem. op., not designated for publication) (stating that "[i]n *Anders* cases, appellate courts 'have the authority to reform judgments and affirm as modified where there is non-reversible error.'"). The assessment of attorney's fees here is one such mistake. Thus, the orders deferring appellant's adjudication of guilt will be modified to redact the assessment of such fees against appellant.

Accordingly, we grant appellate counsel's motions to withdraw, redact from the "Order of Deferred Adjudication" entered in each cause all reference to any obligation by appellant to pay attorney's fees, and affirm each Order as modified.[3]

Brian Quinn
Chief Justice

Do not publish.

---

[3] Appellant has the right to file a petition for discretionary review with the Texas Court of Criminal Appeals.