

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-20-00046-CR

JONATHAN SHANNON HOWARD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 28367

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Jonathan Shannon Howard was convicted of failure to comply with the requirement to register as a sex offender.[1]  On appeal, his sole ground of error is that the trial court erroneously assessed court-appointed attorney fees after Howard was found indigent.  The State agrees, as do we.  Therefore, we shall delete the assessed attorney fees.

Previously, Howard had completed an application for the trial court to appoint an attorney, based on Howard's indigency.  In response, the trial court found him indigent and appointed an attorney to represent him.

In early March 2020, Howard entered an open plea of guilty to the trial court and was sentenced to six years' confinement.  The bill of costs includes a charge for $150.00 for court-appointed attorney fees.  Nothing in the record[2] demonstrates any changes in Howard's financial resources, at any time after his initial application for an appointed attorney and the trial court's judgment and sentence.  *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Supp.) (court may order indigent defendant to pay appointed-attorney fees only if the "court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs.").

A defendant who has previously been found indigent is presumed to remain indigent unless there is a "material change" in his financial status; in the absence of any indication in the

[1]*See* TEX. CODE CRIM. PROC. ANN. art. 62.102(b)(2).

[2]There is an order of the trial court finding that Howard could make some payments, but we find no evidence supporting that.  Because the State does not contest Howard's attack on the assessment of attorney fees, we do not address that beyond this note.

record that his financial status has in fact changed, the evidence will not support an imposition of attorney fees. *Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013) (quoting TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (Supp.)). The assessment of the attorney fees was erroneous. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013).

Although we find no reversible error, we may modify judgments and affirm them as modified in cases such as this. *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments). Accordingly, we modify the trial court's judgment and bill of costs by deleting the assessment of $150.00 for attorney fees. The court costs on the judgment are hereby modified to $155.00.

As modified, the trial court's judgment and sentence are affirmed.


Josh R. Morriss, III
Chief Justice

Date Submitted:     August 25, 2020
Date Decided:       October 8, 2020

Do Not Publish