

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00275-CR
## No. 10-16-00276-CR

**RUEBEN EARLE WALKER,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 54th District Court**
**McLennan County, Texas**
**Trial Court No. 2015-1661-C2**
**Trial Court No. 2015-1744-C2**

## MEMORANDUM OPINION

In two indictments and two judgments, Reuben Earle Walker was charged with

and convicted of Aggravated Assault and Possession of a Controlled Substance. *See* TEX.

PENAL CODE ANN. § 22.02 (West 2011); TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West

2010). In the same hearing, Walker plead guilty to both charges, without the benefit of a

plea bargain, and, with Walker's agreement, the State "summed up" the punishment evidence for each offense before the trial court. After a presentence investigation was completed, Walker was sentenced, again in one hearing, to 20 years in prison for each offense. The sentences were ordered to run concurrently.

Walker's appellate attorney filed *Anders* briefs in these appeals. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Walker was provided a copy of the record by counsel, advised of his right to review the record, and advised of his right to submit a response on his own behalf. Walker submitted his own response. The State was given an opportunity to respond to the *Anders* briefs and Walker's response. It has not done so.

Counsel asserts in the *Anders* briefs that counsel reviewed the reporter's record and clerk's record, including the judgments and sentences, and reviewed the pleas of guilty, the waivers signed by Walker, the mental competency of Walker, and the sufficiency of the sentences imposed. After the review, counsel has concluded there is no non-frivolous issue to raise in these appeals.

Counsel's briefs evidence a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In response to the *Anders* briefs, Walker contends his counsel was ineffective and his due process rights were violated because he was never evaluated for mental competence. The record does not support Walker's contentions.

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, . . . decide whether the case is wholly frivolous." *See Anders*, 386 U.S. at 744; *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n. 10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *Id*. at 436. An appeal is not wholly frivolous when it is based on "arguable grounds." *Stafford*, 813 S.W.2d at 511.

After reviewing counsel's briefs, Walker's response, and the entire record in this appeal, we determine the appeals to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We note, however, that costs were assessed in both judgments of conviction. Where allegations and evidence of more than one offense are presented in a single trial or plea proceeding, the trial court errs in assessing costs in each conviction. *Hurlburt v. State*, Nos. 10-15-00400-CR, 10-15-00401-CR, 10-15-00402-CR, 10-15-00403-CR, 2015 Tex. App. LEXIS 12676, *8 (Tex. App.—Waco Nov. 30, 2016, no pet. h.) (publish). *Hurlburt* had not been decided at the time briefing in this case was submitted. Based on our precedent, abatement to the trial court for the appointment of new counsel

is not required. *See Ferguson v. State*, 435 S.W.3d 291 (Tex. App.—Waco 2014, pet. dism.). Because this error does not impact the determination of guilt or punishment and, therefore, does not result in a reversal of either judgment, we may modify one of the judgments to correct the erroneous assessment of costs. *Id*. Accordingly, the Judgment of Conviction by Court—Waiver of Jury Trial in trial court case number 2015-1661-C2 is modified to delete the assessed court costs. We affirm the trial court's Judgment of Conviction by Court—Waiver of Jury Trial in trial court case number 2015-1661-C2 as modified and affirm the trial court's Judgment of Conviction by Court—Waiver of Jury Trial in trial court case number 2015-1744-C2.

Should Walker wish to seek further review of these cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. No substitute counsel will be appointed. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration has been overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. (Tex. Crim. App. 1997, amended eff. Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4. *See also In re Schulman*, 252 S.W.3d 403, 409 n.22 (Tex. Crim. App. 2008).

Counsel's motions to withdraw from representation of Walker are granted, and counsel is discharged from representing Walker. Notwithstanding counsel's discharge, counsel must send Walker a copy of our decision, notify him of his right to file a pro se petition for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed and affirmed as modified
Opinion delivered and filed March 22, 2017
Do not publish
[CRPM]

