

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-17-00032-CR

_____

CANNON JAY EBARB, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 44,105-B

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

After the State applied to adjudicate his guilt for violation of the terms of his community supervision,[1] Cannon Jay Ebarb pled true to the State's allegation, was afforded a hearing, was adjudicated guilty, and was sentenced to thirty-five years' imprisonment.

Ebarb's appellate attorney filed a brief setting out the procedural history of the case, summarizing the evidence elicited during the course of the trial court proceedings, and concluding that the appellate record presents no arguable grounds to be raised on appeal. The brief meets the requirements of *Anders v. California*, since it contains counsel's professional evaluation of the record demonstrating why there are no plausible appellate issues to be advanced. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

Counsel sent a copy of the brief to Ebarb, provided him with a form motion for pro se access to the appellate record (and the mailing address for the court of appeals), and advised him of his right to review the record and file a pro se response. This Court advised Ebarb that his motion for access to the appellate record was due on or before June 14, 2017. Though the deadline for pro se action by Ebarb has passed, we have not received a *pro se* motion for access to the appellate record. This Court further advised Ebarb that his pro se response if any, was due on or

---

[1]Ebarb originally had pled guilty to aggravated assault with a deadly weapon and true to a single felony enhancement paragraph. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011). Pursuant to a plea agreement, Ebarb had received a deferred adjudication of his guilt and had been placed on eight years' community supervision.

before October 25, 2017. Ebarb did not file a pro se response or a motion requesting an extension of time in which to file such a response.

In *Anders* cases, we may modify judgments to speak the truth and affirm them as modified where no reversible error has occurred. *Ferguson v. State*, 435 S.W.3d 291, 293–94 (Tex. App.—Waco 2014, pet. struck) (discussing appellate cases that have modified judgments in *Anders* cases).

In this case, the order of adjudication erroneously recites that the offense for which Ebarb was convicted is "AGGRAVATED ASSAULT DATE/FAMILY/HOUSE W/WEAPON," that the statute for the offense is "22.02(B)(1) Penal Code," and that the degree of the offense is "1ST DEGREE FELONY." It does not recite either Ebarb's plea to, or the trial court's determination on, the enhancement paragraph. However, the indictment in this case charged Ebarb with aggravated assault with a deadly weapon,[2] without any allegation of a dating, family, or household relationship between Ebarb and his victim. *See* TEX. PENAL CODE ANN. § 22.02(b)(1) (West 2011).[3] The indictment also alleged a single prior felony conviction. At his original plea hearing, Ebarb pled guilty to aggravated assault with a deadly weapon, as alleged in the indictment, and pled true to the single prior felony conviction. Further, the trial court recited that it found the evidence presented at the hearing substantiated Ebarb's guilty plea and found the prior-conviction allegation to be true. Therefore, the offense for which Ebarb's guilt could be adjudicated was

---

[2]*See* TEX. PENAL CODE ANN. § 22.02(a)(2). A conviction under this section is a felony of the second degree. TEX. PENAL CODE ANN. § 22.02(b) (West 2011).

[3]A conviction under Section 22.02(b)(1) of the Texas Penal Code is a felony of the first degree. TEX. PENAL CODE ANN. § 22.02(b)(1).

3

aggravated assault with a deadly weapon under Section 22.02(a)(1), (2) of the Texas Penal Code, a second degree felony. In addition, Ebarb pled true to, and the trial court determined to be true, the State's allegation of a single prior felony conviction.[4]

Thus, we modify the order of adjudication to recite the correct offense for which Ebarb was convicted as aggravated assault with a deadly weapon, to recite the correct statute of the offense as Section 22.02(a)(2) of the Texas Penal Code, to recite the correct degree of the offense as a second degree felony, to recite that the plea to the enhancement paragraph was "True," and to recite that the finding on the enhancement paragraph was "True."

We have independently reviewed the entire appellate record and, like counsel, have determined that no reversible error exists. *See Halbert v. Michigan*, 545 U.S. 605, 623 (2005); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We modify the order of adjudication as stated above and affirm the as-modified judgment of the trial court.[5]

Josh R. Morris, III<br>Chief Justice

Date Submitted:     November 29, 2017
Date Decided:       December 8, 2017

Do Not Publish

---

[4]This finding enhanced the punishment range to that of a first degree felony. *See* TEX. PENAL CODE ANN. § 12.42(b) (West Supp. 2017).

[5]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must

be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.

5