

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-17-00168-CR

CURTIS BROWN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 26966

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Curtis Brown was convicted by jury of the state jail felony offense of failing to comply with sex offender registration requirements. *See* Tex. CODE CRIM. PROC. ANN. art. 62.102(b)(1) (West Supp. 2017). After he pled true to a previous conviction of failing to comply with sex offender registration requirements, his punishment range was enhanced to that of a third degree felony. *See* Tex. CODE CRIM. PROC. ANN. art. 62.102(c) (West Supp. 2017). Brown was sentenced to ten years' confinement. Brown appeals.

Brown's appellate attorney filed a brief setting out the procedural history of the case, summarizing the evidence elicited during the course of the trial court proceedings, and concluding that the appellate record presents no arguable grounds to be raised on appeal. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no plausible appellate issues to be advanced. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

Counsel forwarded copies of his brief and motion to withdraw to Brown and informed him of his rights to review the appellate record and to file a pro se response to counsel's brief, should he so desire. Additionally, counsel provided Brown with a complete copy of the appellate record in this matter.

Brown has filed a pro se response in which he argues that his trial counsel was ineffective because (1) trial counsel failed to object to the State's characterization of the recorded conversation between Brown and James Shanahan, (2) trial counsel failed to rely on the defense that Brown was laid off and reported the layoff to Lieutenant David Kevin Jenkins, (3) trial counsel failed to effectively cross-examine Jenkins, (4) trial counsel failed to effectively cross-examine Shanahan, (5) trial counsel failed to effectively cross-examine Richard Sharrock, and (6) trial counsel failed to subpoena any defense witnesses, including Brown's direct supervisor and other employees who were laid off.

Although we have determined that Brown's pro se response presents no genuinely arguable appellate issues, we find that the judgment requires modification. In *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is non reversible error." *Ferguson v. State*, 435 S.W.3d 291, 293 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases). Here, the judgment incorrectly lists the degree of offense as a state jail felony enhanced to a third degree felony. The applicable enhancement statute provides, however, that, "[i]f it is shown at the trial of a person for an offense . . . under this article that the person has previously been convicted of an offense . . . under this article, the punishment for the offense . . . is increased to the punishment for the next highest degree of felony." Tex. CODE CRIM. PROC. ANN. art. 62.102(c) (West Supp. 2017). Because the statute only provides for enhancement of the punishment range, and not the degree of offense, we modify the judgment to list the degree of offense as a state jail felony.

3

We have independently reviewed the entire appellate record and have determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

As modified, we affirm the trial court's judgment.[1]



Ralph K. Burgess
Justice

Date Submitted:     February 14, 2018
Date Decided:       February 27, 2018

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.