

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00027-CR

TERRELL DEWAYNE DOPSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. CR17-110

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Terrell Dewayne Dopson pled guilty to unlawful possession of a firearm by a felon[1] pursuant to a plea agreement. In accordance with the sentencing recommendations included in the plea agreement, the trial court sentenced Dopson on September 25, 2017, to ten years' incarceration, suspended that sentence, and placed Dopson on ten years' community supervision. Subsequently, on October 18, 2017, the State moved to revoke Dopson's community supervision, alleging that Dopson had committed a single violation of the conditions of his community supervision. Following a bench trial, the trial court revoked Dopson's community supervision, and following the presentation of punishment evidence, the trial court sentenced Dopson to eight years' incarceration.[2] Dopson appeals.

Dopson's appellate attorney filed a brief setting out the procedural history of the case, summarizing the evidence elicited during the course of the trial court proceedings, and concluding that the appellate record presents no arguable grounds to be raised on appeal. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no plausible appellate issues to be advanced. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High*

---

[1] *See* TEX. PENAL CODE ANN. art. 46.04(a) (West 2011).

[2] In our cause number 06-18-00028-CR, Dopson appeals the revocation of his community supervision following his conviction for possession of a controlled substance.

*v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

Counsel forwarded copies of his brief and motion to withdraw to Dopson and informed him of his rights to review the appellate record and to file a pro se response to counsel's brief, should he so desire. Additionally, counsel provided Dopson with a complete copy of the appellate record in this matter. On June 8, 2018, this Court advised Dopson that his pro se response was due on or before July 9, 2018. When Dopson did not file a pro se response, we further advised him on July 13, 2018, that the case was set for submission on August 3, 2018. We received neither a pro se response from Dopson nor a motion requesting an extension of time in which to file such a response.

However, in *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is non reversible error." *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases). We note that the judgment revoking Dopson's community supervision erroneously indicates that Dopson pled "not true" to the revocation allegations. The judgment further erroneously indicates that Dopson violated "Terms 15 and 20" of the terms of his community supervision. We, therefore, modify the judgment (1) to indicate that Dopson pled "true" to the single revocation allegation and (2) to indicate that Dopson violated "Term 15" of the terms and conditions of his community supervision.

We have independently reviewed the entire appellate record and, like counsel, have determined that no reversible error exists. Accordingly, we modify the judgment as indicated.

As modified, we affirm the judgment of the trial court.[3]


                                              Ralph K. Burgess
                                              Justice



Date Submitted:      August 3, 2018
Date Decided:        August 8, 2018

Do Not Publish

---

[3]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.