

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00123-CR

RAY CHARLES HAWKINS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 7th District Court
Smith County, Texas
Trial Court No. 007-1533-17

Before Morriss, C.J., Burgess and Moseley,* JJ.
Memorandum Opinion by Chief Justice Morriss

*Bailey C. Moseley, Retired, Sitting by Assignment

## MEMORANDUM OPINION

Ray Charles Hawkins pled guilty to evading arrest or detention in Smith County[1] with a motor vehicle, a third-degree felony.[2] Following a bench trial on punishment, at which the punishment range was enhanced to that of a second-degree felony,[3] Hawkins was sentenced to eighteen years' incarceration.[4]

Hawkins' appellate attorney filed a brief setting out the procedural history of the case, summarizing the evidence elicited during the course of the trial court proceedings, and concluding that counsel found no meritorious issues to raise on appeal. Providing a professional evaluation of the record demonstrating why there are no plausible appellate issues to be advanced, counsel has met his briefing duties under the law. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

Hawkins has filed a pro se response in which he argues that his trial and appellate attorneys were ineffective because (1) counsel failed to meet with him and communicate with him regarding

---

[1] Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2] TEX. PENAL CODE ANN. § 38.04(b)(2)(A) (West 2016).

[3] TEX. PENAL CODE ANN. § 12.33 (West 2011), § 12.42 (West Supp. 2018).

[4] Hawkins also appeals his conviction of aggravated assault against a public servant in our cause number 06-18-00122-CR. Our opinion in that case is issued of even date herewith.

2

the appeal process and what impact an *Anders* brief could have on his right to counsel, (2) counsel failed to file a merits brief, (3) counsel failed to investigate the history of police brutality in the Tyler Police Department and violence against African-Americans, (4) counsel failed to introduce evidence of Hawkins' extensive prior history of psychiatric confinement at Rusk State Hospital and continuous prescriptions for psychoactive medications, (5) Hawkins was denied referral for treatment, therapy, and medication for a psychiatric disorder while in pretrial detention, (6) Hawkins' guilty plea was not supported by the evidence and was made under the threat of "stacking," (7) Hawkins' guilty plea was involuntary due to mental incompetence, (8) Hawkins was not afforded the opportunity to review the presentence investigation report with counsel prior to sentencing, which would have revealed extensive mental illness, (9) Hawkins was not given adequate time to review the appellate record, and (10) court costs assessed against Hawkins should have been waived because he was indigent.

We have independently reviewed the entire record, as well as Hawkins' pro se brief, and find that no genuinely arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). However, in *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is non reversible error." *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases).

The judgment in this case indicates that the level of offense is a second-degree felony. That is incorrect. Evading arrest with a motor vehicle is a third-degree felony. TEX. PENAL CODE ANN. § 38.04(b)(2)(A). Because the trial court found the enhancement paragraph of the indictment to

3

be true, the punishment range was enhanced to the level of a second-degree felony.  *See* TEX. PENAL CODE ANN. §§ 12.33, 12.42.  Consequently, we modify the judgment to reflect the proper level of offense as a third-degree felony, with the punishment range enhanced to the level of a second-degree felony.

As modified, we affirm the judgment of the trial court.[5]

Josh R. Morriss, III
Chief Justice

Date Submitted:  December 27, 2018
Date Decided:  January 9, 2019

Do Not Publish

---

[5]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case.  *See Anders*, 386 U.S. at 744.  No substitute counsel will be appointed.  Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.