

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00326-CR

**RAFE A. GOODMAN,**

                **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                **Appellee**

---

**From the County Court**
**Navarro County, Texas**
**Trial Court No. 72713**

---

## MEMORANDUM OPINION

---

The jury convicted Rafe Goodman of the offense of driving while intoxicated. The trial court assessed punishment at six months confinement and a $2000 fine. The trial court suspended imposition of the confinement portion of the sentence and placed Goodman on community supervision for 24 months and required Goodman to serve 3 days in jail as a condition of community supervision. We affirm as modified.

Goodman's appointed counsel filed an *Anders* brief asserting that she has diligently reviewed the appellate record and that, in her opinion, the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Counsel informed Goodman of his right to submit a response on his own behalf. Goodman did not file a response. Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders v. California*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); s*ee also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

Goodman's counsel notes that the judgment contains a clerical error. The record reflects that the trial court orally announced that Goodman was sentenced to 6 months confinement with imposition of the sentence suspended for 24 months. The trial court stated that Goodman was to serve 3 days in jail as a condition of community supervision. The written order reflects a sentence of 3 days confinement suspended for 24 months. The written order also reflects that Goodman must serve 3 days as a condition of community supervision. Goodman's counsel asks this Court to modify the judgment to reflect the accurate sentence as pronounced orally by the trial court. In an appeal where counsel has filed an *Anders* brief, we are not required to abate the appeal for appointment of new counsel if the judgment may be reformed. *Ferguson v. State*, 435 S.W.3d 291, 295 (Tex. App. —Waco 2014, no pet.). Accordingly, we modify the

judgment to reflect a sentence of 6 months confinement and a $2000 fine with imposition of the confinement suspended for 24 months.

Having modified the judgment, we turn to our independent review of the proceedings. In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, ... decide whether the case is wholly frivolous." *See Anders v. California*, 386 U.S. at; accord *Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n. 10 (1988). After a review of the entire record in this appeal, we determine the appeal to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's judgment as modified.

Counsel's request that she be allowed to withdraw from representation of Goodman is granted. Additionally, counsel must send Goodman a copy of our decision, notify Goodman of his right to file a pro se petition for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. TEX.R.APP.P. 48.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.


JOHN E. NEILL
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
Affirmed; motion granted
Opinion delivered and filed June 26, 2019
Do not publish
[CR25]

