

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## 06-19-00235-CR
_____

GABRIEL LOGAN OROCIO, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Cass County, Texas
Trial Court No. 2019F00146

Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Justice Stevens

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

# MEMORANDUM OPINION

A Cass County jury convicted Gabriel Logan Orocio of aggravated sexual assault of a child, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.021(a)(1). The trial court imposed the jury's assessed sentence of ten years' imprisonment. Orocio appeals.[1]

Orocio's attorney on appeal has filed a brief stating that he has reviewed the record and has found no genuinely arguable issues that could be raised. The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial court proceedings. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On March 24, 2020, counsel certified that he mailed to Orocio a copy of the brief, the motion to withdraw, and a motion for pro se access to the appellate record lacking only Orocio's signature. Orocio was informed of his right to review the record and file a pro se response. On April 14, 2020, Orocio filed his motion for pro se access to the appellate record. On April 20, this Court granted Orocio's motion for pro se access to the appellate record, reciting that, on April 16, 2020, counsel mailed a complete paper copy of the appellate record to Orocio. The order set a

---

[1]In our companion cause numbers 06-19-00234-CR and 06-19-00236-CR, Orocio also appeals from convictions of aggravated sexual assault of a child and indecency with a child by sexual contact.

June 5, 2020, deadline for Orocio to file a pro se response to his counsel's *Anders* brief.  On July 14, 2020, this Court further informed Orocio that the case would be set for submission on the briefs on August 4, 2020.  We received neither a pro se response from Orocio nor a motion requesting an extension of time in which to file such a response.

However, in *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is non reversible error."  *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments in Anders cases).  We note that the trial court's judgment erroneously lists the offense date of "10-01-2013."  We must therefore, modify the judgment by deleting this date and adding the correct offense date.

The judgment also imposes court costs in the amount of $314.00, which were also imposed in Orocio's judgment of conviction in trial court cause number 2019F00125.  However, when a defendant is convicted of two or more offenses in a single criminal action, "the court may assess each court cost or fee only once against the defendant."  TEX. CODE CRIM. PROC. ANN. art. 102.073(a).  Consequently, we must modify the judgment by deleting the court costs from the judgment.

We have reviewed the entire appellate record and have independently determined that no reversible error exists.  Accordingly, we modify the trial court's judgment by deleting the offense date of "10-01-2013" and by adding the correct offense date of "10-15-2013," as charged in the indictment, and by deleting the court costs from the judgment.

As modified, we affirm the judgment of the trial court.[2]

                                                    Scott E. Stevens
                                                    Justice

Date Submitted:        August 4, 2020
Date Decided:          August __, 2020

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.