

# IN THE
# TENTH COURT OF APPEALS

No. 10-18-00331-CR
No. 10-18-00332-CR

**LARRY RAMON LOPEZ,**

                                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                        **Appellee**

From the 13th District Court
Navarro County, Texas
Trial Court Nos. D38134-CR and D38192-CR

## MEMORANDUM OPINION

In these two cases, Larry Ramon Lopez made an open guilty plea to the offense of

bail jumping and to two counts of the offense of failure to comply with sex-offender

registration requirements. The trial court subsequently found Lopez guilty of the

offenses and, after a punishment hearing, assessed Lopez's punishment, enhanced by

prior felony convictions, at sixty-one years' imprisonment for each offense, with the

sentences to be served concurrently. We affirm the trial court's judgments as modified.

In each of these appeals, Lopez's appointed counsel filed a motion to withdraw and an *Anders* brief in support of the motion asserting that she has diligently reviewed the appellate record and that, in her opinion, the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Counsel's brief evidences a professional evaluation of the record for error and compliance with the other duties of appointed counsel. We conclude that counsel has performed the duties required of appointed counsel. *See id.* at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, ... decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744; *see Penson v. Ohio*, 488 U.S. 75, 80 (1988); *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n.10 (1988). After a review of the entire record in these appeals, we have determined the appeals to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

Although we have found nothing that would arguably support the appeals, we conclude that the judgments require modification. In *Anders* cases, appellate courts have the authority to reform judgments and affirm as modified in cases where there is nonreversible error. *Ferguson v. State*, 435 S.W.3d 291, 293-94 (Tex. App.—Waco 2014, pet. struck).

Here, counsel points out that the judgments indicate that Lopez pleaded true to the enhancement paragraphs when, in fact, he did not. The record shows that the trial

court never gave Lopez the opportunity to plead to the enhancement allegations. Counsel suggests that we therefore reform the judgments to indicate that Lopez pleaded not true to the enhancements. We, however, modify the trial court's judgments to delete that Lopez made any plea to the enhancement paragraphs.[1]

The trial court's judgments are each affirmed as modified. Counsel's motion to withdraw from representation of Lopez in each appeal is granted.

MATT JOHNSON
Justice

Before Chief Justice Gray,
      Justice Neill, and
      Justice Johnson
Affirmed as modified
Opinion delivered and filed January 27, 2021
Do not publish
[CRPM]



---

[1] Lopez did not specifically object to the trial court's failure to give him the opportunity to plead to the enhancement allegations. Lopez therefore forfeited any complaint on appeal regarding the matter. *See* TEX. R. APP. P. 33.1(a); *see also Jurado v. State*, No. 08-17-00010-CR, 2019 WL 1922757, at *11 (Tex. App.—El Paso Apr. 30, 2019, pet. ref'd) (not designated for publication) (holding appellant waived his complaint on appeal because he did not object to trial court's failure to read enhancement allegation or to take his plea to enhancement). The record further establishes that the State presented sufficient evidence to support the trial court's "true" findings on the enhancement paragraphs.