

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-19-00753-CR

Paul **PESINA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Wilson County, Texas
Trial Court No. 18-10-161-CRW
Honorable Donna S. Rayes, Judge Presiding[1]

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Luz Elena D. Chapa, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: June 9, 2021

MOTION TO WITHDRAW GRANTED; AFFIRMED AS MODIFIED

Paul Pesina was found guilty by a jury of sexual assault of a child under seventeen. *See* TEX. PENAL CODE § 22.011(a)(2). Because the State established Pesina had previously been convicted of sexual assault of a child, the trial court imposed a mandatory life sentence. *See* TEX. PENAL CODE § 12.42(c)(2). The court's October 17, 2019 judgment also assessed court costs in the amount of $249.00, and on October 21, 2019, the trial court issued an order to withdraw funds from Pesina's inmate trust account to pay the costs.

---

[1] Senior Judge, sitting by assignment

Pesina's court-appointed appellate attorney filed a motion to withdraw and a brief in which he concludes this appeal is frivolous and without merit. In addition, counsel filed a motion to delete the assessment of costs in the judgment because the record did not contain a bill of costs or other substantiation of the costs assessed.

The brief demonstrates a professional and thorough evaluation of the record and meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Counsel sent copies of the brief and motion to withdraw to Pesina and informed him of his rights in compliance with the requirements of *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014). This court provided Pesina with a copy of the appellate record.

Pesina filed a pro se brief in which he raises numerous issues relating to the trial court's supplemental jury charges, the State's closing argument, the mandatory life sentence, and his contention he is actually innocent. We have thoroughly reviewed the record, counsel's brief, and Pesina's pro se brief. We conclude there is no reversible error and agree with counsel the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

The trial court clerk filed a supplemental record containing the bill of costs that itemized the $249.00 assessed against Pesina. Counsel's motion to delete the assessment of costs is therefore denied. However, the bill of costs includes a $25.00 Time Payment Fee, imposed pursuant to former section 133.103(a) of the Texas Local Government Code.[2] In *Dulin v. State*, 620 S.W.3d 129 (Tex. Crim. App. 2021), the Court of Criminal Appeals held the assessment of the time payment fee while an appeal is pending is premature. The court held the fee should be struck in its entirety without prejudice to it being assessed later if, more than thirty days after issuance of the

---

[2] Section 133.103 of the Local Government Code was redesignated as article 102.030 of the Texas Code of Criminal Procedure and amended by Act of May 23, 2019, 86th Leg., R.S., ch. 1352, §§ 2.54, 4.40(33) (effective Jan. 1, 2020).

appellate mandate, the defendant has failed to pay any fine, court costs, or restitution he owes. 620 S.W.3d at 133. We therefore modify the trial court's judgment, along with its order to withdraw funds, to reflect that Pesina's court costs are $224.00 by deleting the time payment fee, without prejudice to it being assessed later, if appropriate. *See Ferguson v. State*, 435 S.W.3d 291, 293–94 (Tex. App.—Waco 2014, pet. stricken) (explaining appellate courts have authority in *Anders* cases to reform judgments and affirm as modified); *Davis v. State*, 323 S.W.3d 190, 198 (Tex. App.—Dallas 2008, pet. ref'd) (holding court of appeals is authorized to modify an incorrect judgment when it has the necessary data and information to do so).

We therefore deny counsel's motion to delete the assessment of costs and we grant counsel's motion to withdraw. We modify the judgment and the "Order to Withdraw Funds" to delete the $25 time payment fee, without prejudice to the fee being assessed later if appropriate. We affirm the trial court's judgment as modified.[3]

Luz Elena D. Chapa, Justice

DO NOT PUBLISH

---

[3] No substitute counsel will be appointed. Should Pesina wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days after either this opinion is rendered or the last timely motion for rehearing or motion for en banc reconsideration is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review must comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure.