

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00020-CR
_____

DAVID JOEL DEAN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 2027868

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

On February 9, 2021, David Joel Dean pled guilty to indecency with a child by contact. *See* TEX. PENAL CODE ANN. § 21.11. He also pled true to a prior conviction enhancement allegation. On March 31, 2021, the trial court held a sentencing hearing, found Dean guilty of the charged offense, and sentenced him to twelve years' incarceration. Dean appeals that conviction and sentence.

Dean's appellate counsel filed a brief that outlined the procedural history of the case, provided a detailed summary of the evidence elicited during the trial court proceedings, and stated that counsel found no meritorious issues to raise on appeal. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

On May 28, 2021, Dean's counsel filed a motion with this Court seeking to withdraw as counsel in this appeal and provided Dean with a copy of the brief, a motion for access to the appellate record lacking only his signature, and the motion to withdraw. His counsel also informed Dean of his right to review the record and file a pro se response. On the same date, this Court notified Dean that his signed motion for access to the record was due on or before June 14, 2021. Dean did not file the motion for access to the record. On July 7, 2021, this Court notified Dean that any pro se response to his counsel's *Anders* brief was due on or before August 6, 2021.

2

On August 17, 2021, this Court notified Dean that his appeal was set for submission to the Court on September 7, 2021. We received neither a response nor a request for extension of time from Dean.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). However, in *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is nonreversible error." *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases). The record shows that the judgment and bill of costs assessed Dean a time-payment fee of $15.00.

The Texas Court of Criminal Appeals has recently concluded that a time payment fee like the one imposed here "must indeed be struck for being prematurely assessed because a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for the purposes of the time payment fee." *Dulin v. State*, 620 S.W.3d 129, 129 (Tex. Crim. App. 2021). "As a consequence, even now, assessment of the time payment fee in this case would be premature because appellate proceedings are still pending." *Id.* Pursuant to *Dulin*, we strike the time payment fee "in [its] entirety, without prejudice to [it] being assessed later if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay any fine, court costs, or restitution" owed. *Id.* at 133.

We modify the judgment and the bill of costs by deleting the time payment fee.

In the *Anders* context, once we determine that the appeal is without merit, we must either dismiss the appeal or affirm the trial court's judgment. *See Anders*, 386 U.S. 738. Therefore, we affirm the judgment of the trial court, as modified.[1]

Scott E. Stevens
Justice

Date Submitted:    September 7, 2021
Date Decided:      December 7, 2021

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with Anders, grant counsel's request to withdraw from further representation of Appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should Appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, Appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.