

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-21-00056-CR

DAQUARIOUS TRE'RON MEADORS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 21F0124-005

Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Chief Justice Morriss

_____
*Jack Carter, Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

Daquarious Tre'Ron Meadors entered an open plea of guilty to two counts of aggravated robbery with a deadly weapon, both first-degree felonies. *See* TEX. PENAL CODE ANN. § 29.03(b). Pursuant to the jury's assessment after a trial on the issue of punishment, the trial court sentenced Meadors to fifteen years' imprisonment on each count with the sentences to run concurrently and ordered him to pay a $2,500.00 fine for each offense. Meadors appeals his convictions.

Meadors's attorney has filed a brief reciting that he has reviewed the record and has found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that meets the requirements of *Anders v. California*. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On November 8, 2021, counsel mailed to Meadors copies of the brief, the appellate record, and the motion to withdraw. Meadors was informed of his rights to review the record and file a pro se response. By letter dated December 28, 2021, this Court granted Meadors's request for an extension of time to file a pro se response to his counsel's *Anders* brief and

2

informed Meadors that his response was due on or before January 27, 2022. On February 15, 2022, this Court further informed Meadors that the case would be set for submission, on the briefs, on March 8. We did not receive a pro se response from Meadors.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). However, non-reversible error is found in both judgments, each titled "Judgment of Conviction by Jury," which mistakenly recite that Meadors pled "Not Guilty" to each offense and that the "Verdict of Jury" was "Guilty." Our review of the record establishes that Meadors entered an open plea of guilty to each offense, that the trial court found him guilty, and that Meadors elected a jury trial solely on the issue of punishment. In *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is nonreversible error." *Ferguson v. State*, 435 S.W.3d 291, 293 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases). As a result, we must modify the trial court's judgments to reflect that Meadors pled guilty to both offenses and that the trial court, not the jury, found him guilty.

Also, "[i]n a single criminal action in which a defendant is convicted of two or more offenses . . . , the court may assess each court cost or fee only once against the defendant." TEX. CODE CRIM. PROC. ANN. art. 102.073(a). Here, Meadors was assessed court costs in each judgment on both offenses arising from a single criminal action. Therefore, the duplicated court costs of $284.00 must be deleted from the judgment of conviction for the second count of aggravated robbery.

3

We modify the trial court's judgments by (1) changing the titles to "Judgment of Conviction" instead of "Judgment of Conviction by Jury," (2) changing the "Plea to the Offense" sections to reflect that Meadors pled "Guilty," instead of "Not Guilty," to both offenses, and (3) replacing the language indicating that guilt was determined via a "Verdict by Jury" with language stating that the finding of guilt was made "By the Court." We further modify the judgment convicting Meadors of the second count of aggravated robbery by deleting the assessment of court costs. We affirm the judgments, as so modified.[1]

Josh R. Morriss, III
Chief Justice

Date Submitted:     March 8, 2022
Date Decided:       March 18, 2022

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.