

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-21-00104-CR

---

JUSTIN RYAN MYERS, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 27686

---

Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Justice Stevens

---

*Jack Carter, Justice, Retired, Sitting by Assignment

# MEMORANDUM OPINION

A Lamar County jury convicted Justin Ryan Myers of two counts of reckless injury to a child. *See* TEX. PENAL CODE ANN. § 22.04(f) (Supp.). Myers also pled true to two prior-conviction punishment enhancement allegations. Per the jury's recommendation, the trial court sentenced Myers to twenty years' incarceration for each count, with the sentences to run concurrently. Myers appeals the convictions and sentences.

Myers's appellate counsel filed a brief that outlined the procedural history of the case, provided a detailed summary of the evidence elicited during the trial court proceedings, and stated that counsel found no meritorious issues to raise on appeal. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

On January 14, 2022, Myers's counsel filed a motion with this Court seeking to withdraw as counsel in this appeal and provided Myers with a copy of the brief, a motion for access to the appellate record, and the motion to withdraw. His counsel also informed Myers of his right to review the record and file a pro se response. Myers filed a pro se response to his counsel's *Anders* brief on February 4, 2022.

We have reviewed the entire appellate record and Myers's pro se response and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824,

2

826–27 (Tex. Crim. App. 2005).  However, in *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is nonreversible error." *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases).  The record shows that the judgment and bill of costs assessed Myers with two time payment fees of $12.50—one payable to Lamar County and one payable to the State of Texas.

The Texas Court of Criminal Appeals has recently concluded that a time payment fee like the one imposed here "must indeed be struck for being prematurely assessed because a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for the purposes of the time payment fee."  *Dulin v. State*, 620 S.W.3d 129, 129 (Tex. Crim. App. 2021).  "As a consequence, even now, assessment of the time payment fee[s] in this case would be premature because appellate proceedings are still pending."  *Id.*  Pursuant to *Dulin*, we strike the time payment fees "in their entirety, without prejudice to them being assessed later if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay any fine, court costs, or restitution" owed.  *Id.*  We modify the judgment and the bill of costs by deleting the time payment fees.

In the *Anders* context, once we determine that the appeal is without merit, we must either dismiss the appeal or affirm the trial court's judgment. *See Anders*, 386 U.S. 738. Thus, we affirm the judgment of the trial court, as modified.[1]

Scott E. Stevens
Justice

Date Submitted:     March 25, 2022
Date Decided:       May 11, 2022

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with Anders, grant counsel's request to withdraw from further representation of Appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should Appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, Appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.