**Affirmed as modified and Memorandum Opinion filed October 31, 2023.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00158-CR

---

**DENNIS JACKSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1606665**

---

## M E M O R A N D U M   O P I N I O N

Appellant appeals his conviction for possession with intent to deliver at least one gram and less than four grams of a controlled substance in violation of Texas Health & Safety Code § 481.112(c). Appellant's appointed counsel filed a brief in which she concludes the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record and by indicating why there are no arguable grounds to be advanced. *See High v. State*, 573 S.W.2d 807, 811–13 (Tex. Crim.

App. 1978).

A copy of counsel's brief was delivered to appellant. Appellant was advised of the right to examine the appellate record and file a pro se response. *See Stafford v. State*, 813 S.W.2d 503, 512 (Tex. Crim. App. 1991). Although appellant has received a copy of the record, he has not filed a pro se response.

There are two minor issues regarding court costs that this court has noted in its own review of the record, though they do not otherwise warrant reversing appellant's conviction or otherwise modifying his sentence, nor do they require the assistance of counsel to resolve. *See Robison v. State*, Nos. 14-19-00957-CR & 14-19-00982-CR, 2020 WL 5198338, at *1 (Tex. App.—Houston [14th Dist.] Sept. 1, 2020, no pet.) (citing *Ferguson v. State*, 435 S.W.3d 291, 295 (Tex. App.—Waco 2014, no pet.) (acknowledging that courts are "not required to abate [an *Anders*] appeal for appointment of new counsel if the judgment may be modified"); *Bray v. State*, 179 S.W.3d 725, 729 (Tex. App.—Fort Worth 2005, no pet.) (declining to abate an appeal for appointment of new counsel to raise an issue the appeals court had already ruled on, deeming such to be a "useless task"). Appellant's sentence included being assessed $290.00 in consolidated court costs, reflecting $185.00 in costs payable to the state comptroller, *see* Tex. Loc. Gov't Code Ann. § 133.102(a)(1), and $105.00 payable to local government, *see id.* § 134.101(a). The underlying statutes only support those costs for offenses committed on or after January 1, 2020. *Id.* § 133.102(c) (effective Jan. 1, 2020); *Authorlee v. State*, No. 14-20-00821-CR, 2022 WL 220267, at *4 (Tex. App.—Houston [14th Dist.] Jan. 25, 2022, pet. ref'd). The evidence presented in the trial court was unequivocal that appellant's offense was committed in 2018. Accordingly, as the applicable statute for state-payable costs only would make appellant liable for $133.00 in costs, while no statute applies to make appellant liable for local-payable costs for offenses

committed in 2018, we will modify the judgment and its accompanying bill of cost to reflect appellant is liable for only $133.00 in court costs payable to the state comptroller.

We have carefully reviewed the record and counsel's brief and agree the appeal is otherwise wholly frivolous and without merit. Further, we find no reversible error in the record. We are not to address the merits of each claim raised in an *Anders* brief or a pro se response when we have determined there are no arguable grounds for review. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

The judgment of the trial court is affirmed as modified.

PER CURIAM

Panel consists of Justices Wise, Zimmerer, and Poissant.

Do Not Publish — Tex. R. App. P. 47.2(b).