**Affirmed as modified and Memorandum Opinion filed October 31, 2023.**



In The

# Fourteenth Court of Appeals

————————

## NO. 14-22-00725-CR

————————

**DEANDRE WATSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1575339**

## MEMORANDUM OPINION

Appellant Deandre Watson appeals his conviction for murder. *See* Tex. Pen. Code Ann. § 19.02. Appellant's appointed counsel filed a brief in which he concludes the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record and indicating there are no arguable grounds to be advanced. *See High v. State*, 573 S.W.2d 807, 811–13 (Tex. Crim. App. 1978).

A copy of counsel's brief was delivered to appellant's last known address. Appellant was advised of the right to examine the appellate record and file a pro se response. *See Stafford v. State*, 813 S.W.2d 503, 512 (Tex. Crim. App. 1991). As of this date, more than 60 days have passed and no pro se brief has been filed.[1]

There are two minor issues regarding court costs that this court has noted in its own review of the record, though they do not otherwise warrant reversing appellant's conviction or otherwise modifying his sentence, nor do they require the assistance of counsel to resolve. *See Robison v. State*, Nos. 14-19-00957-CR & 14-19-00982-CR, 2020 WL 5198338, at *1 (Tex. App.—Houston [14th Dist.] Sept. 1, 2020, no pet.) (citing *Ferguson v. State*, 435 S.W.3d 291, 295 (Tex. App.—Waco 2014, no pet.) (acknowledging that courts are "not required to abate [an *Anders*] appeal for appointment of new counsel if the judgment may be modified"); *Bray v. State*, 179 S.W.3d 725, 729 (Tex. App.—Fort Worth 2005, no pet.) (declining to abate an appeal for appointment of new counsel to raise an issue the appeals court had already ruled on, deeming such to be a "useless task"). Appellant's sentence included being assessed $290.00 in consolidated court costs, reflecting $185.00 in costs payable to the state comptroller, *see* Tex. Loc. Gov't Code Ann. § 133.102(a)(1), and $105.00 payable to local government, *see id.* § 134.101(a). The underlying statutes only support those costs for offenses committed on or after January 1, 2020. *Id.* § 133.102(c) (effective Jan. 1, 2020); *Authorlee v. State*, No. 14-20-00821-CR, 2022 WL 220267, at *4 (Tex. App.—

---

[1] Counsel certified that he had mailed a copy of his *Anders* brief and other documents to appellant's last known address, a Texas detention facility. However, mail that the Court clerk sent to this address was returned as undeliverable on the basis that appellant had temporarily departed the facility. Appellant's counsel's efforts to locate appellant indicated that he had been released to federal custody in association with federal charges, and that federal authorities in turn had released him. Appellant's current whereabouts are unknown, and it does not appear appellant has made any effort to contact counsel in association with this appeal since he was released to federal custody.

Houston [14th Dist.] Jan. 25, 2022, pet. ref'd). The evidence presented in the trial court was unequivocal that appellant's offense was committed in 2017. Accordingly, as the applicable statute for state-payable costs only would make appellant liable for $133.00 in costs, while no statute applies to make appellant liable for local-payable costs for offenses committed in 2017, we will modify the judgment and its accompanying bill of cost to reflect appellant is liable for only $133.00 in court costs payable to the state comptroller.

We have carefully reviewed the record and counsel's brief and agree the appeal is otherwise wholly frivolous and without merit. Further, we find no reversible error in the record. We are not to address the merits of each claim raised in an *Anders* brief or a pro se response when we have determined there are no arguable grounds for review. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

The judgment of the trial court is affirmed as modified.

PER CURIAM

Panel consists of Justices Wise, Zimmerer, and Poissant.

Do Not Publish — Tex. R. App. P. 47.2(b).