

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00174-CR
_____

BRANDON EVERETT PALMER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 22F1714-202

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

After a jury found Brandon Everett Palmer guilty of possessing a prohibited item in a correctional facility, the trial court sentenced him to eighty years' confinement in prison.[1]  *See* TEX. PENAL CODE ANN. § 38.11 (Supp.).  Palmer appeals, maintaining that (1) there was insufficient evidence to show that he possessed a cell phone in jail and (2) the testimony of unspecified threats against trial witness, Jequenda Green, was irrelevant and highly prejudicial.[2] Because we find that there was sufficient evidence to show that Palmer possessed a cell phone in jail, we affirm the trial court's judgment.

## I.      Sufficiency of the Evidence

Palmer appeals the trial court's judgment of conviction, arguing that there was insufficient evidence to show that he possessed a prohibited item in a correctional facility, specifically, a cell phone.  We disagree.

### A.      Standard of Review

"In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt."  *Williamson v. State*, 589 S.W.3d 292, 297 (Tex. App.—Texarkana 2019, pet. ref'd) (citing *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hartsfield v.*

---

[1]Palmer also appeals the trial court's judgment of conviction for the offense of continuous human trafficking in our cause number 06-23-00172-CR, and the offense of aggravated sexual assault in our cause number 06-23-00173-CR.

[2]In this case, there was overwhelming evidence that Palmer was guilty of possessing a prohibited item in a correctional facility.  For this and other reasons discussed in depth in our opinion in cause number 06-23-00172-CR, we, likewise, find in this matter that Palmer was unharmed by the admission of Davis's testimony regarding alleged threats made to Green.

*State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd)). "Our rigorous [legal sufficiency] review focuses on the quality of the evidence presented." *Id.* (citing *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring)). "We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury 'to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Id.* (quoting *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); citing *Jackson*, 443 U.S. at 318–19; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)).

"In our review, we consider 'events occurring before, during and after the commission of the offense and may rely on actions of the defendant which show an understanding and common design to do the prohibited act.'" *Id.* (quoting *Hooper*, 214 S.W.3d at 13 (quoting *Cordova v. State*, 698 S.W.2d 107, 111 (Tex. Crim. App. 1985))). "It is not required that each fact 'point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction.'" *Id.* (quoting *Hooper*, 214 S.W.3d at 13). "Circumstantial evidence and direct evidence are equally probative in establishing the guilt of a defendant, and guilt can be established by circumstantial evidence alone." *Id.* (citing *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13 (citing *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004))). "Further, 'we must consider all of the evidence admitted at trial, even if that evidence was improperly admitted.'" *Id.* at 297–98 (quoting *Fowler v. State*, 517 S.W.3d 167, 176 (Tex. App.—

3

Texarkana 2017) (citing *Moff v. State*, 131 S.W.3d 485, 489–90 (Tex. Crim. App. 2004)), *rev'd in part*, 544 S.W.3d 844 (Tex. Crim. App. 2018)).

"Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge." *Id.* at 298 (quoting *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "The 'hypothetically correct' jury charge is 'one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.'" *Id.* (quoting *Malik*, 953 S.W.2d at 240).

## B.     Discussion

Section 38.11(a)(3) of the Texas Penal Code states that a person commits the offense of possessing prohibited substances and/or items in a correctional or civil facility "if the person provides[] or possesses with intent to provide:  . . . (3) a cellular telephone or other wireless communications device or a component of one of those devices to a person in the custody of a correctional facility." TEX. PENAL CODE ANN. § 38.11(a)(3).

In this case, the State's indictment against Palmer read that, "on or about <u>December 16, 2022</u>, [Palmer] did then and there, while confined in the <u>Bowie County, Texas Detention Center,</u> a correctional facility, did intentionally or knowingly possess <u>a prohibited item and/or substance, to wit:  a cellular telephone and/or charging cable</u>."

At trial, Nathaniel Johnson, a captain with the Bowie County Detention Center, testified that, on December 16, 2022, an anonymous informant notified jail supervisors that Palmer was in possession of a cell phone. Pursuant to that information, Johnson, Lieutenant Jefferson, and

4

Officer Hawkins began an investigation or a "shakedown" of Palmer's cell. Johnson stated that, when they approached Palmer, he "walk[ed] straight to his cell." According to Johnson, "Lieutenant Jefferson [saw Palmer] slide an unknown item at that time under his toilet." The items were later identified as a cell phone and a charger. Johnson was shown three exhibits, which were photographs of the cell phone and the charger. When Johnson was asked if the photographs were fair and accurate depictions of those items, Johnson said, "Yes, ma'am. Those are the ones I recovered [from under the toilet]." Furthermore, Johnson testified that Palmer received a disciplinary case based on that incident. Johnson was also aware that Palmer had been found in possession of several other cell phones during his incarceration.

Directing the Court to Rule 602 of the Texas Rules of Evidence, Palmer complains that, because Johnson did not testify that he saw Palmer in possession of the cell phone, his testimony was incompetent and should not be considered in our sufficiency analysis. *See* TEX. R. EVID. 602. We disagree.

Rule 602 provides, "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." *Id.* While Johnson did not actually see Palmer in possession of the cell phone, he "ha[d] personal knowledge of the matter." In addition to testifying that Lieutenant Jefferson saw Palmer slide the cell phone under Palmer's toilet, Johnson also testified that (1) jail supervisors had been informed by an anonymous source that Palmer was in possession of a cell phone, (2) he participated in an organized investigation of Palmer's cell, (3) he recovered the cell phone and charger from Palmer's cell, and (4) he identified the cell phone and the charger through

5

photographs as the items "[he] recovered" from Palmer's cell. Although Johnson did not see Palmer holding the cell phone or sliding it under his toilet, Johnson's testimony was based on his "personal knowledge of the matter." *Id.* Based on Johnson's cumulative testimony, a jury could have found, beyond a reasonable doubt, that Palmer was in possession of a cell phone, which is a prohibited item in a correctional facility.

We overrule Palmer's first point of error.

## II. Modification of the Trial Court's Judgment

The trial court's judgment of conviction reflects "**N/A**" in regard to the allegations contained in the first and second enhancement paragraphs, a finding of "**TRUE**" to the first enhancement paragraph, and a finding of "**N/A**" to the second enhancement paragraph. However, the State alleged two enhancement paragraphs, and the jury found the allegations in both enhancement paragraphs to be true.

"Appellate courts 'have the authority to reform judgments and affirm as modified in cases where there is non reversible error.'" *Walker v. State*, 557 S.W.3d 678, 690 (Tex. App.—Texarkana 2018, pet. ref'd) (quoting *Ferguson v. State*, 435 S.W.3d 291, 293 (Tex. App.—Waco 2014, pet. struck), *overruled on other grounds by Cummins v. State*, 646 S.W.3d 605 (Tex. App.—Waco 2022, pet. ref'd)); *see Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) ("This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record." (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd))). In order to correct the trial

court's judgment, we must modify the trial court's judgment by replacing "**N/A**" with "**YES**" in regard to the allegations contained in the first and second enhancement paragraphs and by replacing "**N/A**" with "**TRUE**" as to the jury's finding in regard to the second enhancement paragraph.

## III. Conclusion

Accordingly, we modify the trial court's judgment by replacing "**N/A**" with "**YES**" in regard to the allegations contained in the first and second enhancement paragraphs and by replacing "**N/A**" with "**TRUE**" as to the jury's finding in regard to the second enhancement paragraph. As modified, we affirm the trial court's judgment.

Jeff Rambin
Justice

Date Submitted:     July 10, 2024
Date Decided:       August 23, 2024

Do Not Publish

7