

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00049-CR

CARLEY YVONNE COOPER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 30321

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

Carley Yvonne Cooper pled guilty to engaging in organized criminal activity, a state-jail felony. *See* Tex. Penal Code Ann. § 71.02 (Supp.). In accordance with a plea agreement, the trial court placed Cooper on three years' deferred adjudication community supervision. After Cooper failed to report to her community supervision officer and failed to complete community service restitution, the State moved to adjudicate her guilt. Cooper pled true to the State's allegations and, as a result, the trial court revoked her community supervision, adjudicated her guilt, and sentenced her to twenty-four months' confinement in state jail. Cooper appeals.

Cooper's attorney filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Since counsel provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On May 31, 2024, counsel mailed to Cooper copies of the brief, the motion to withdraw, and the appellate record. Cooper was informed of her rights to review the record and file a pro se response. By letter dated May 31, we informed Cooper that her pro se response was due on or before July 3. On July 22, this Court further informed Cooper that the case would be set

2

for submission on the briefs on August 12. We received neither a pro se response from Cooper nor a motion requesting an extension of time in which to file such a response.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). However, non-reversible error is found in the trial court's judgment.

The record shows that Cooper entered an open plea of true to the State's motion to adjudicate guilt and that Cooper did not agree to any term of confinement. Even so, under the heading "Terms of Plea Bargain," the trial court's judgment mistakenly states that Cooper agreed to twenty-four months' confinement. In *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is nonreversible error." *Sharpe v. State*, 607 S.W.3d 446, 448 (Tex. App.—Texarkana 2020, no pet.) (quoting *Ferguson v. State*, 435 S.W.3d 291, 293 (Tex. App.—Waco 2014, pet. struck), *overruled on other grounds by Cummins v. State*, 646 S.W.3d 605 (Tex. App.—Waco 2022, pet. ref'd)).

Accordingly, we modify the trial court's judgment by deleting the phrase "**TWENTY-FOUR (24) MONTHS IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-STATE JAIL DIVISION**" from the "Terms of Plea Bargain" section. As modified, we affirm the trial court's judgment.[1]

>                                        Jeff Rambin
>                                        Justice

Date Submitted:     August 12, 2024
Date Decided:      September 17, 2024

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.